IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA HOGAN, on behalf of herself and others similarly situated, : : : **Plaintiff,** : : v. : : CLEVELAND AVE RESTAURANT, INC. (d/b/a SIRENS), FRANCIS SHARRAK, MICHAEL SHARRAK, CHAD SULLIVAN, & DOMINICK ALKAMMO, : : : : : : : **Defendants.** : | **Case No. 15-cv-2883** **JUDGE ALGENON L. MARBLEY** Magistrate Judge Deavers |

## **OPINION & ORDER**

Before the Court are Plaintiff's Motion for Default Judgment and to Certify Class under Federal Rule of Civil Procedure 23 (Doc. 14), and Defendants' Cleveland Ave Restaurant, Inc. ("Sirens"), Francis Sharrak, Michael Sharrak, and Chad Sullivan (collectively with Sirens, "Defendants") Motion to Set Aside Default and to Strike Motion for Default Judgment (Doc. 17). The Motions are ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' motion to set aside the entry of default against them (Doc. 13) and to strike Plaintiff's motion for default judgment (Doc.14), and the Court **DENIES** Plaintiff's Motion for Default and Class Certification (Doc. 14).

## I. BACKGROUND

Plaintiff Jessica Hogan was a bartender and exotic dancer at Sirens. (Doc. 14 at 4.) Sirens is a Columbus-area strip club. (*Id.*) Plaintiff filed a class and collective action complaint in the Court on October 6, 2015. (Doc. 1.) Plaintiff alleges that Defendants have engaged in unlawful employment practices, including charging Plaintiff fees for exotic dances for customers,

1

charging Plaintiff 10% on customer tips left on credit cards, and requiring Plaintiff to pay tips to non-tipped employees. (*Id.*, ¶ 2.) Plaintiff alleges that Defendants' behavior violates portions of 29 U.S.C. §§ 201, *et seq.*, the Fair Labor Standards Act ("FLSA"), Article II § 34(a) of the Ohio Constitution, and § 4113.15 of the Ohio Revised Code. (*Id.* at 10-12.)

On October 7, 2015, Plaintiff sent by certified mail a copy of the Complaint, ten copies of waiver of service forms, a self-addressed, stamped envelope, and a cover letter to Sirens' primary business location. (Aff. of Att'y Andrew Biller, Attach. to Appl. for Default J., Doc. 12-1, ¶ 2.) One Edward Hastie III received that literature on October 9, 2015. (Decl. of Edward Hastie, Doc. 17-1, ¶ 4.) The cover letter from Plaintiff gave Defendants 30 days from October 6, 2015 to sign and return the waivers of service. (*Id.*, ¶ 5.) On October 13, 2015, Hastie reached out to Plaintiff, telling Plaintiff that he represented all Defendants except for Francis Sharrak, who was represented by an out-of-state attorney. (Doc. 12-1, ¶ 3.)

On October 21, 2015, Hastie via email sent Plaintiff a settlement proposal. (*Id.*, ¶ 4.) Plaintiff and Hastie discussed settlement from October 21 through December 3, 2015. (*Id.*, ¶ 5.) On December 14, 2015, Plaintiff Hastie an inquiry via email about the status of their settlement negotiations. (*Id.*, ¶ 6.) Hastie did not respond to the email. (*Id.*) On December 24, 2015, Plaintiff sent Hastie an email asking about the waiver forms. (*Id.*, ¶ 7.) On January 5, 2016, Plaintiff left a voicemail for Hastie. (*Id.*, ¶ 8.) Hastie responded to the phone call with an email telling Plaintiff that he would "be in contact today." (*Id.*) Hastie did not follow up that day. (*Id.*) On January 7, 2016, Hastie signed all waivers of service on behalf of Defendants for the first time. (Doc. 17-1, ¶ 11.) Hastie delivered the waivers of service to Plaintiff the next day, January 8, 2016. (Doc. 12-1, ¶ 12.) Later that day, Hastie emailed Plaintiff with another settlement offer. (*Id.*, ¶ 12.) On January 11, 2016, Plaintiff represented to Hastie that an answer was due to Plaintiff's Complaint,

and Plaintiff suggested that if Hastie needed more time to file an answer, then Hastie should move the Court for additional time to answer. (*Id.*, ¶ 13.) Plaintiff further represented to Hastie that Plaintiff would not oppose such a motion. (*Id.*)

On January 18, 2016, Plaintiff applied for entry of default against all Defendants, which the Clerk of Court entered the next day. (Docs. 12, 13.) On January 19, 2016, Plaintiff moved for default judgment against all Defendants. (Doc. 14.) On January 22, 2016, Defendants moved to set aside the Clerk's prior entry of default against them and to strike Plaintiff's motion for default judgment. (Doc. 17.)

## II. STANDARD OF REVIEW

The basis for setting aside an entry of default may be found in Federal Rule of Civil Procedure 55(c), which provides that "the court may set aside an entry of default for good cause." The decision to set aside default is left to the discretion of the trial court, but in making its decision the Court must consider: (1) whether setting the default aside would prejudice plaintiff; (2) whether the default was willful; and (3) whether there is a meritorious defense. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted)). The Court must also keep in mind that "[t]rials on the merits are favored in federal courts," and that reversal of an order denying a motion to set aside the "harsh" sanction of default will be reviewed for even slight abuse of discretion. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (quoting *United Coin*, 705 F.2d at 846; citing *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 733 (5th Cir. 1984)).

### III. ANALYSIS

As to prejudice, Defendants moved to set aside the default three days after Plaintiff moved for default judgment. *See* Docs. 14 and 17. A three-day delay in litigation will not prejudice Plaintiff.

As to whether the delay was willful, Defendants did not agree to waive service until January of 2016, and Hastie avers that he was under the impression that signing the waivers of service on behalf of his clients would afford them 60 days from January 7, 2016, and not 60 days from the October date. (*Id.*, ¶ 14.) Plaintiff points out that the waivers of service that Defendants signed included this language:

> I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 10/06/2015, the date this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

(Docs. 9 and 10.) Thus, argues Plaintiff, Defendants should have answered the Complaint by some time in December of 2015, and Plaintiff characterizes Hastie's choice to do otherwise as dilatory. (Pl.'s Resp., Doc. 18 at 2-3.) Although Hastie has at times been unresponsive, and his performance spotty, (*see* Doc. 12-1, ¶ 8), briefing and the record indicate that Defendants have been engaged in negotiations with Plaintiff from the outset of litigation. *See* Exs., Attach. to Appl. for Default J., Doc. 12-2 at 1-19. The Court cannot now rightly conclude that Hastie's behavior has been willful or in bad faith.

As to whether Defendants have a meritorious defense, the Court's analysis does not turn on whether the defense is likely to succeed, but rather whether the defense has a sound basis in law. *United Coin*, 705 F.2d at 845. Defendants advance six defenses: (1) that Plaintiff's Complaint fails to state a claim upon which relief may be granted; (2) that Plaintiff's case is not appropriate for class action; (3) that the attorney fees and costs sought by Plaintiff are not

4

recoverable; (4) that Plaintiff's claims are barred by the applicable statute(s) of limitations; (5) that the liquidated and treble damages sought by Plaintiff are barred in whole or part due to Defendants' subjective, good-faith beliefs; and (6) that the liquidated and treble damages sought by Plaintiff are barred in whole or part due to Defendants' reasonable belief that their behavior comported with the relevant employment laws. The aforementioned defenses have a sound basis in law, including FLSA and Federal Rule of Civil Procedure 12(b)(6).

Based on a consideration of the required factors, the Court finds that administering the harsh judgment of default against Defendants is unwarranted. Any prejudice to Plaintiff is slight, Defendants do not appear to have been acting willfully or in bad faith, and Defendants' defenses have a sound basis in law. Therefore, Plaintiff's Motion for Default is **DENIED**.

Parties are undoubtedly well aware that the Supreme Court demands district courts conduct a "'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *In re Am. Med. Sys.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) (quoting *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). Because Defendants are contesting Plaintiff's motion for class certification, the Court must allow Defendants the opportunity for fact-finding, as a matter of law. *Id.* at 1087 (finding the "precipitous" certification of a Rule 23 class a violated due process because defendant had no opportunity to conduct discovery) (quoting *In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 306 (6th Cir. 1984)). Plaintiff is free to refile her motion upon completion of discovery evincing legitimate reason to do so.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Set Aside Default and **VACATES** the Clerk's entry of default against Defendants. The Court **DENIES** Plaintiff's

Motion for Default Judgment, and **DENIES without prejudice** Plaintiff's Motion for Class Certification.

    **IT IS SO ORDERED**

                                                  <u>s/Algenon L. Marbley</u>
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT COURT**

**Dated: June 9, 2016**