## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JESSICA HOGAN | ) CASE NO.: 2:15-CV-02883 |
| Plaintiff, | ) JUDGE ALGENON L. MARBLEY |
| vs. | ) MAGISTRATE JUDGE ELIZABETH PRESTON DEAVERS |
| CLEVELAND AVE. RESTAURANT, INC. d/b/a Sirens, *et al.* | ) **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| Defendants. | ) |

Now come Defendants, by and through the undersigned counsel, and hereby respectfully submit their Memorandum in Opposition to Plaintiff's Motion to Compel Discovery Responses and Motion for Sanctions, filed on August 8, 2016. Defendants and their counsel have been working diligently to supplement their previously issued Discovery Responses, which they have done numerous times, since Plaintiff and Defendants initial discovery status conference, which occurred with the Court on June 27, 2016. In fact, Defendants supplied Plaintiff supplemented discovery responses and documents no fewer than *three times* since June 10, 2016.

In addition, Defendants have actively engaged in the discovery process, recently issuing Discovery Requests to Plaintiff on July 14, 2016. Plaintiff requested an extension to issue responses to these Discovery Requests, which Defendants approved without contention given the difficulty Defendants have encountered in providing all supplemented responses to Plaintiff's initial Discovery Requests. For these reasons, and for the fact that Defendants fully complied with this Court's order to issue certain requested documents, thus rendering Plaintiff's Motion to Compel moot, Defendants respectfully request that this Court deny Plaintiff's Motion to Compel and Motion for Sanctions.

I.     BACKGROUND

The current discovery dispute arose subsequent to the issuance of Defendants' First Set of Discovery Responses, which occurred on May 25, 2016. Plaintiff first took issue with the fact that Defendants only provided documents and responses pertaining to bartender employees who worked for Defendant Cleveland Ave. Restaurant during the three years prior and up to the date of Plaintiff's filing of her Complaint, which occurred on October 6, 2015. Defendants repeatedly communicated to Plaintiff that it was limiting its responses to these individuals based on the fact that Plaintiff was a bartender employee for Defendant Cleveland Ave. Restaurant and for the fact that this matter has not been classified as a "class action" or "collective action;" therefore, the individuals that may be added as plaintiffs to this action have not be defined.

In addition, Plaintiff communicated to Defendants a disagreement regarding the use of objections in Defendants' First Set of Discovery Responses. Despite the use of objections to preserve the same for future disputes, Defendants fully responded to Plaintiff's First Set of Discovery Requests. For example, Plaintiff, in its Motion to Compel, raised an issue with the following specific objection:

> Defendants specifically object to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and irrelevant, and not calculated to lead to the discovery of admissible evidence as this matter only concerns a limited number of bartenders employed by Defendant Cleveland Ave. This matter does not concern any exotic dancers who lease space from Defendant Cleveland Ave.

However, ***Plaintiff completely mischaracterized*** this Discovery Response by omitting Defendants' full, complete, and responsive answer, which is as follows:

> Subject to and without waiving the foregoing General Objections, Defendants state that a bartender, in a very rare occurrence and occasion, may perform a dance for a patron if, after first speaking with the manager of Defendant Cleveland Ave., there is sufficient coverage at the bar. If a bartender performs a private dance, the bartender will pay twenty (20) dollars to Defendant Cleveland

2

Ave. In addition, pursuant to Federal Rule of Civil Procedure 33(d), please see attached "Dancer Duties and Procedures," which applies to dancers only.

See Defendants' Response to Plaintiff's Interrogatory No. 10, Plaintiff's Motion to Compel, Docket #34-4, Exhibit D. Even though Defendants utilized the objection cited by Plaintiff in order to preserve the same, Defendants completely answered all Discovery Requests to the best of their knowledge at the time of the submission of the Discovery Responses.

However, given Plaintiff's continued contention with Defendants' valid, and specific Discovery Responses and discovery response objections, Defendants supplemented their Discovery Responses on June 10, 2016.

Subsequent to receiving Defendants' Supplemental Discovery Responses, Plaintiff once again disagreed with Defendants' use of specific objections regarding the possible class members to this action and requested a discovery conference to address all outstanding discovery disputes. The Court conducted a discovery conference on June 27, 2016. Upon consideration of all arguments concerning the limitation of discovery production, the Court instructed Defendants to issue broad discovery responses that encompass the potential entire putative class. ***Defendants agreed to fully comply*** and issue all requested documents for all employees and lessee exotic dancers.

Thereafter, on July 22, 2016, Defendants issued a comprehensive *Second Set of Supplemental Discovery Responses* and an additional *262 pages of documents*, including but not limited to contact information, wage/hour information, and employment forms, for all employees employed by Defendant Cleveland Ave. for the three years prior to the filing of Plaintiff's Complaint. *See* Plaintiff's Motion to Compel at pg. 6., Docket #34, Exhibit J. However, Defendants communicated to Plaintiff that it was having difficulty obtaining all the necessary information for the lessee exotic dancers. The voluminous records for the lessee exotic

3

dancers were located off-site, in Michigan, in paper-form only, where Defendants could not easily obtain them. Defendants *repeatedly communicated* to Plaintiff its attempts to locate and obtain *all responsive information* for the lessee exotic dancers. However, Defendants were not able to obtain all responsive information for the lessee exotic dancers by Plaintiff's self-imposed deadline of August 8, 2016. Therefore, Plaintiffs filed its Motion to Compel on August 8, 2016. However, on August 11, 2016, Defendants were finally able to obtain all requested information concerning the lessee exotic dancers, and Defendants delivered the same, including appropriate redactions, to Plaintiff via electric transmission on August 12, 2016.

For the reason that Defendants delivered the last remaining requested documentation, which encompasses the only discovery dispute raised by Plaintiff in its Motion to Compel, *the discovery issue at hand is now moot*. Therefore, Defendants respectfully request that Plaintiff's Motion to Compel be denied as moot. In addition, Defendants respectfully request that, as a result of their efforts to act in good faith and constantly communicate with Plaintiff and retrieve documentation not readily available to Defendants, Plaintiff's Motion for Sanctions also be denied.

## II.    LAW & ANALYSIS

A. *Plaintiff's Motion to Compel Should be Denied as Moot Because Defendants Provided the Requested Documentation at Dispute in this Matter.*

Pursuant to Rule 37(a)(3)(B), a party "seeking discovery may move for an order compelling…production." However, Courts in this District deny as moot motions to compel when the non-moving party supplies the requested documentation subsequent to the filing of the motion to compel. *See E.E.O.C. v. JP Morgan Chase Bank, N.A.*, No. 2:09-CV-864, 2011 WL 1237933, at *1-3 (S.D. Ohio Mar. 30, 2011); *Unum Life Ins. Co. of America v. Smith*, No. 12-565-HJW-JGW, 2013 WL 4052850, at *7 (S.D. Ohio Aug. 12, 2013).

In the present matter, Defendants provided the requested documents moved for in Plaintiff's Motion to Compel four (4) days after Plaintiff filed its Motion to Compel. To date, Plaintiff has not communicated to Defendant nor has Plaintiff communicated to the Court any dispute regarding the provided documents. For these reasons, Plaintiff's Motion to Compel should be denied as moot.

    B. *Defendants Attempted in Good-Faith to Fully Comply with Plaintiff's Discovery Requests, and Defendants Have Continuously Communicated with Plaintiff During the Discovery Process and, for these reasons, Defendants Request that Plaintiff's Motion for Sanctions be Denied.*

As permitted by Rule 37(a)(5)(A) of Federal Rules of Civil Procedure, a court must deny a motion for sanctions when (1) "the opposing party's nondisclosure, response, or objection was substantially justified; or [(2)] other circumstances make an award of expenses unjust." The Sixth Circuit adopted a "four-factor test regarding whether to impose sanctions: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in the discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered." *Saadi v. Maroun*, No. 4:09-MC-00018, 2009 WL 3428130, *2 (N.D. Ohio 2009), citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

In the present matter, the four-factor analysis weighs in favor of Defendants. First, Defendants did not act with willfulness, bad faith, fault, or with an attempt to create undue delay in this matter. Once the previous discovery dispute was settled during the Court's June 27, 2016 telephone status conference, Defendants diligently attempted to locate the requested documents, and once located, Defendants began the process of transferring the voluminous documents from paper to an electronic format to be transmitted to Plaintiff. In the interim of gathering the records in dispute, Defendants continued to supplement previous discovery responses and provide

5

Plaintiff with additional, voluminous documentation concerning all employees of Defendant Cleveland Ave. Restaurant. During the entire discovery process, ***Defendants have acted in good-faith*** to properly respond to Plaintiff's discovery responses and engage in a dialogue to resolve discovery disputes.

Second, Plaintiff has not been prejudiced by Defendants' unintentional failure to timely deliver the requested documentation concerning lessee exotic dancers. In this case, a trial date has yet to be established. In addition, Plaintiff would not necessarily require the requested documentation concerning lessee exotic dancers in order to move for them to be included in any purported class action.

Third, this is the first discovery dispute before the Court, and the Court has not issued any discovery order in this matter in response to a motion to compel. For this reason, Defendants have not been warned that failure to comply may lead to a monetary or non-monetary sanction.

Fourth, similar to the analysis for the third factor, given that this is the first official discovery dispute in front of the Court, the Court has not considered any discovery sanctions and, for this reason, less drastic sanctions have not been imposed or considered.

In sum, Defendants have truly attempted to fully comply with the ruling of this Court's June 27, 2016 discovery conference. Once the Court determined that records for all employees and non-employee exotic dancers, and not just records for employee bartenders, would be required to be turned over, Defendants began the process of gathering, redacting, processing, and turning over these documents along with Supplemental Discovery Responses. Defendants acted in good faith in attempting to obtain the non-employee, lessee, exotic dancer records, which are the subject of this dispute. These are voluminous records, ***encompassing 793 pages***. As previously discussed, Defendants had difficulty obtaining these documents as they were stored

off-site in paper form in Michigan. Once located, Defendants began the involved task of converting the documents from paper to electronic format. Defendants completed this task on August 11, 2016, and the documents were delivered to Defendants, appropriately redacted, on August 12, 2016.

For all of the foregoing reasons, and because Defendants have continued to act in good-faith with respect to this matter, Defendants respectfully request that this Court deny Plaintiff's Motion for Sanctions.

### III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel for the reason that it is moot because Defendants provided the disputed documents to Plaintiff on August 12, 2016. In addition, because Defendants have continued to act in good-faith in order to comply with their discovery obligations under the Federal Rules of Civil Procedure and this Court's previous ruling, and for the fact that Defendants' delayed delivery of some documents was justified for logistical reasons, and not for the purpose of delay, Defendants request that Plaintiff's Motion for Sanctions be denied.

Respectfully Submitted,

*/s/ John N. Childs*
John N. Childs (#0023489)
**BRENNAN MANNA & DIAMOND, LLC**
75 East Market St.
Akron, OH 44308
Ph: (330) 253-5060
Fax: (330) 253-1977
jnchilds@bmdllc.com

and

Edward W. Hastie, III (#0079438)
**BRENNAN MANNA & DIAMOND, LLC**

                                                250 Civic Center Dr., Suite 300
                                                Columbus, OH 43215
                                                Ph: (614) 246-7500
                                                ewhastie@bmdllc.com

                                                *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 15th day of August, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                                */s/ John N. Childs*
                                                *Counsel for Defendants*

4813-9290-0658, v. 1