UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSICA HOGAN,

        Plaintiff,

                                     Civil Action 2:15-cv-2883
    v.                                 Judge Algenon L. Marbley
                                     Magistrate Judge Elizabeth P. Deavers

CLEVELAND AVE RESTAURANT INC.
dba SIRENS, *et al.,*

        Defendants.

## OPINION AND ORDER

Plaintiff brings this wage lawsuit under the Fair Labor Standards Act ("FLSA") against Defendants related to work performed in various roles at a Columbus-area adult entertainment club known as "Sirens." This matter is before the Court for consideration of the Buckeye Association of Club Executives' ("BACE") Motion to Quash Subpoena (ECF No. 46), Plaintiff Jessica Hogan's ("Plaintiff") Response in Opposition (ECF No. 49) and BACE's Reply in Support of its Motion to Quash (ECF No. 52). For the reasons that follow, the Motion to Quash is **GRANTED**.

## I.

On November 23, 2016, Plaintiff served a subpoena for deposition and documents upon BACE. (ECF No. 49, Ex. 1 ¶ 3.) The subpoena commanded BACE to produce documents and a representative for a deposition on December 7, 2016, at 10:00 a.m. at the office of Plaintiff's counsel. (*Id*. at Ex. 1.) On December 6, 2016, Plaintiff's counsel reached out to BACE to confirm that a representative would attend the next morning's deposition. After a series of phone

calls attempting to track down a response, Greg Flaig, BACE's secretary and executive director, left a voicemail for Plaintiff's counsel stating that he was "supposed to be at a deposition tomorrow morning at 10" but was ill and needed to reschedule. (*Id*. at Ex. 1 ¶ 9.) Plaintiff's counsel returned the call and left a message, stating that the deposition could be rescheduled for December 20, 2016. He also sent an email to Mr. Flaig, reflecting the same. (*Id*. ¶ 10.) No response was received. (*Id*. ¶ 11.) On December 7, 2016, at 10:26 p.m., BACE filed a Motion to Quash the subpoena. (ECF No. 46.)

## II.

Plaintiff asserts that BACE's Motion to Quash is untimely. Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that a court may quash or modify a subpoena upon "timely" motion. Fed. R. Civ. P. 45(d)(3).

BACE asserts that its Motion is timely and points out that Plaintiff's Motion misrepresents the date upon which the subpoena was served as November 22, 2016, when it was actually served on November 23, 2016. Plaintiff subsequently filed a Motion to Amend/Correct her Response in Opposition to the Motion to Quash seeking to amend the date of service from November 22, 2016 to November 23, 2016, but asserting that the service date is irrelevant to the issue of timeliness. (ECF No. 54.) Plaintiff is correct that the service date is irrelevant to the analysis of timeliness. Nevertheless, the Motion to Amend/Correct is **GRANTED**. (ECF No. 54.)

Plaintiff argues that, although the rule does not define timely, "[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena."

*F.T.C. v. Trudeau*, No. 5:12-MC-35, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2012) (quoting *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S. D. N. Y. 2006)); *see also Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 4163560, at *3 (M.D. Fla. Aug. 5, 2016) (collecting cases holding that motions to quash filed after the time for compliance are untimely).  That rule, however, is not absolute.  Under "unusual circumstances and for good cause shown, failure to make timely objection to a subpoena will not bar consideration of [an] objection." *Trudeau*, 2012 WL 5463829, at *3.  "In determining whether 'unusual circumstances' and 'good cause' exist, a court should examine whether: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for [BACE] and counsel for subpoenaing party were in contact concerning [BACE's] compliance prior to the time [BACE] challenged legal basis for the subpoena." *Id*. at *4.

Here, the Court is persuaded BACE's motion was timely due to several factors.  First, the Motion to Quash was filed some twelve hours after the designated time for compliance with the subpoena on the same date that compliance was due.  Second, a BACE corporate representative had already communicated to Plaintiff's counsel that no one would be appearing at the designated time because he was ill.  At the time the Motion to Quash was filed at 10:26 p.m. on December 7, Plaintiff had already suggested a future date—December 20—as the time for deposing BACE's representative.  Third, BACE is a third-party who had not yet retained counsel prior to filing its Motion to Quash and was acting in good faith.  Finally, as set forth below, the subpoena is overbroad on its face and exceeds the bounds of proportional discovery.  As a result, the Motion to Quash is timely.

### III.

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas.  Fed. R. Civ. P. 45.  Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).  The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance.  Fed. R. Civ. P. 45(d)(2)(B).  Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).

BACE asserts that the subpoena should be quashed because it is overbroad and unduly burdensome.  The subpoena requests "all documents relating to BACE's members, shows, training, lease agreements, and confidential business strategies as to mergers."  (ECF No. 46-1.)  The subpoena lacks specific dates or time frames of requested information.  According to BACE, the time and expense necessary to gather such information over its entire existence would be unduly burdensome and expensive.  Additionally, BACE argues, the subpoena is irrelevant as it seeks information regarding "lease agreements" Plaintiff posits are at the heart of the case.  But, BACE maintains, FLSA violations are decided based on the behavior between the employer and the alleged employee, rather than signed agreements.

In determining whether a subpoena imposes an "undue burden" on a witness, courts looks to the following factors: "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are

described and the burden imposed." *Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136

(S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S. D. N.

Y. 1996)).  The Court must also seek to balance the need for discovery with the burden imposed

on the subject of the subpoena, with the status of a recipient as a non-party being a factor that

weighs against disclosure.  *Id* (citing *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422,

424 (Fed. Cir. 1993)).  Establishing relevance is the burden of the party that issued the subpoena.

*Id*.

Here, the Court finds that the factors weigh in favor of quashing the subpoena as unduly

burdensome.  First, Plaintiff has failed to establish the relevance of the information sought to its

underlying FLSA claims.  As BACE argues, the FLSA claims being prosecuted by Plaintiff are

predicated upon the business model of the Defendants in this action.  That is to say, the

relationship between the Plaintiff and her employer, specifically, her compensation arrangement,

and the manner in which Defendants applied it to her and other similarly situated individuals, is

determinative of the outcome of the case.  Compensation arrangements, or "lease agreements" at

other similarly situated businesses do not bear on Plaintiff's actual compensation.  Information

regarding BACE, its members, shows, training and "lease agreements," therefore, is not

sufficiently relevant to this action.  Second, the information requested is overbroad, covering

indefinite periods of time and could have been described with more particularity.  Third,

responding would impose a significant and undue burden on third-party BACE.  As a non-party,

BACE is "entitle[d] to consideration regarding expense and inconvenience."  Fed. R. Civ. P.

45(d)(2)(B)(ii).[1]  As a result, BACE's Motion to Quash is hereby **GRANTED**.  (ECF No. 46.)

---

[1] Plaintiff concedes that, through this subpoena, she is trying to get to the bottom of what she suspects is collusion between BACE and its members across Ohio "to deny dancers their legally guaranteed wages by perpetrating the fiction that they are 'entertainer tenants' of the clubs where

In light of this ruling, Plaintiff's Motion for Contempt based on BACE's failure to comply with the subpoena is **DENIED**.  (ECF No. 48.)

### IV.

For the reasons stated above, Plaintiff's Motion to Amend/Correct her Response in Opposition (ECF No. 54) is **GRANTED**, BACE's Motion to Quash (ECF No. 46) is **GRANTED**, and Plaintiff's Motion for Contempt based on BACE's failure to comply with the subpoena (ECF No. 48) is **DENIED**.

**IT IS SO ORDERED.**


Date: December 28, 2016             _____ /s/ *Elizabeth A. Preston Deavers*
                                                  ELIZABETH A. PRESTON DEAVERS
                                                  UNITED STATES MAGISTRATE JUDGE

---

they dance, rather than employees."  (ECF No. 49; P. Mem. Opp., at p. 5.)  At this juncture, this lawsuit is about one club and its pay practices with respect to its dancers and/or bartenders, and not a conspiracy between a business association and its members.