UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JESSICA HOGAN,**

    **Plaintiff,**

    v.

                                      Civil Action 2:15-cv-2883
                                      Judge Algenon L. Marbley
                                      Magistrate Judge Elizabeth P. Deavers

**Cleveland Ave Restaurant, Inc.,** *et al***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Motion for Protective Order to Stay Discovery, (ECF No. 98), Plaintiff's Response in Opposition (ECF No. 107), and Defendants Buckeye Association of Club Executives and the Owners Coalition's Reply (ECF No. 111).  For the reasons that follow, the Court **DENIES** Defendants' Motion.

**I.**

On October 6, 2015, Plaintiff initially brought this wage lawsuit under the Fair Labor Standards Act ("FLSA") against Defendant Cleveland Avenue Restaurant, Inc., d/b/a "Sirens," as well as management and owners, related to work performed in various roles at a Columbus-area adult entertainment club known as "Sirens."  (ECF No. 1.)   On November 23, 2016, Plaintiff served a subpoena for deposition and documents upon then non-party Buckeye Association of Club Executives ("BACE"), a statewide, non-profit trade association.  (ECF No. 46-1.)  The subpoena primarily sought testimony and documents related to the so-called "Entertainer Tenant" system allegedly used by BACE's member-businesses to structure compensation arrangements.  (*Id*. at 3, 6-7.)  On December 7, 2016, BACE filed a Motion to

Quash the subpoena. (ECF No. 46.) On December 28, 2016, this Court granted BACE's Motion to Quash on the basis that "Plaintiff has failed to establish the relevance of the information sought to its underlying FLSA claims." (ECF No. 59 at 5.) Specifically, with respect to the relevance of BACE-member practices, the Court held as follows:

> As BACE argues, the FLSA claims being prosecuted by Plaintiff are predicated upon the business model of the Defendants in this action. That is to say, the relationship between the Plaintiff and her employer, specifically, her compensation arrangement, and the manner in which Defendants applied it to her and other similarly situated individuals, is determinative of the outcome of the case. Compensation arrangements, or "lease agreements" at other similarly situated businesses do not bear on Plaintiff's actual compensation. Information regarding BACE, its members, shows, training and "lease agreements," therefore, is not sufficiently relevant to this action."

(*Id*.)

Five months later, on May 1, 2017, Plaintiff filed her Motion to Amend the Complaint in order to add BACE and the Owner's Coalition ("OC") as named defendants in this matter. (ECF No. 71.) In pertinent part, Plaintiff's Amended Complaint includes the following allegations:

> 36. BACE and OC were the two main Ohio entertainment club industry trade associations that, on information and belief, have been and are responsible for artifices known as the "Tenant System" (also known as "the lease system"), by which member clubs, including Sirens, for at least the past six years have purported to deny exotic dancers their rightful minimum wages and have required such dancers to pay various artificial and illegal fees to club owners to work at their clubs, including a fee called "rent." On information and belief, other unnamed co-conspirators participated in tis conspiracy.
>
> 37. By creating and promoting use of the "Tenant System," BACE acted in the interest of the co-conspirators, including Sirens, with respect to the co-conspirators' employees and employment practices. Accordingly, BACE was and is an "employer" within the meaning of the FLSA and Ohio Law.

(ECF No. 74 at 6.) Plaintiff added counts for civil conspiracy, unjust enrichment, and anti-trust violations against both BACE and OC. (*Id*. at 24-27.) On June 23, 2017, Defendants BACE and

2

OC filed their Motion to Dismiss the Amended Complaint, arguing that neither group maintained an ownership interest, managerial authority, or ability to dictate business models or establish policies with respect to Defendant Sirens or any other member-business. (ECF No. 93 at 7, No. 93-1 at 3-4 & No. 93-4 at 3-4.) Defendants also argue in their Motion to Dismiss that they are not, as a matter of law, "employers" under the operative state and federal statutes and that Plaintiff has failed to allege sufficient facts to the contrary to state a valid claim. (ECF No. 93 at 12.)

On June 27, 2017, Plaintiff served Notices of Deposition to Defendants BACE and OC, identifying the following subjects:

1. The organizations' management structure, including identities, positions, and duties of anyone within the management structure.

2. The organizations' owners and operators.

3. The organizations' goals and purpose.

4. The organizations' operations.

5. The amount and manner of compensation received by the organizations from their member organizations or clubs.

6. The rights and obligations of the organizations' member organizations or clubs.

7. The rights and obligations of the organizations' to its member organizations or clubs.

8. The members of the organizations.

9. The entertainer Tenant System.

10. The creation and adoption of the Entertainer Tenant System.

11. The contents of the organizations' websites.

12. Political efforts to "fight to keep entertainers from being classified as employees."

13. The education of Entertainer Tenants, including on "issues," "sales approaches," and "local and state laws."

14. Hearings or other legal or administrative proceedings the subject of which related to the Entertainer Tenant System and/or whether Entertainer Tenants are "employees."

15. Consultations or communications between the organizations' and the United States Department of Labor or the State of Ohio, Department of Commerce, Wage & Hour Division regarding the Entertainer Tenant System.

16. Any audits or investigations into the use of the Entertainment Tenant System in the eight years since it was implemented.

17. The merger between BACE and The Owners Coalition.

18. The lease agreement or lease agreements drafted by BACE and/or used by BACE and BACE member organizations during the time period relevant to this dispute.

19. The judges, politicians, enforcement agencies, regulators, and/or lawyers who helped in any way to develop the Entertainer Tenant System.

20. Communications with "Entertainer Tenants" about the Entertainer Tenant System during the time period relevant to this lawsuit.

21. Communications with the organizations' members about the Entertainer Tenant System during the time period relevant to this lawsuit.

22. The organizations' recordkeeping policies and practices.

23. The location of the organizations' records.

24. The organizations' document retention policy.

(ECF Nos. 98-1 & 98-2.)

On July 10, 2017, Defendants BACE and OC filed the instant Motion seeking a protective order to stay of discovery with respect to Plaintiff's subpoenas pending disposition of their Motion to Dismiss.  (ECF No. 98.)

## II.

Having reviewed the parties' briefs and the pending Motion to Dismiss, the Court is not persuaded that a temporary stay of discovery pending resolution of Defendants' Motion Dismiss is warranted.  A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).  In deciding whether to grant a stay, courts commonly consider factors such as:  (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).  The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion in this area, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of

5

discovery." *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) ("unless the motion raises an issue such as immunity from suit . . . or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."). Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

The Court concludes that Defendants have failed to demonstrate that a stay of discovery is justified. The Court cannot conclude that it is highly likely that the forthcoming motion to dismiss will be granted. *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss for lack of subject matter jurisdiction where the jurisdictional issue raised was "fairly debatable," but noting that the court "might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high"). Certainly, where it is clear that the Court lacks the authority

to hear a case, requiring a party to participate in discovery is problematic. Here, however, the viability of Defendants' Motion to Dismiss is at least debatable. Although Defendants make much of their argument that they are not Plaintiff's employers, and, thus, cannot be liable under the FLSA, claims of civil conspiracy and anti-trust violations do not turn, as a matter of law, on such distinctions. The Court simply cannot say that it is "clear-cut" that Plaintiff failed to plead proper claims for civil conspiracy and anti-trust violations against BACE and OC such that Defendants have demonstrated sufficient grounds for a stay of discovery. *Id.*

In sum, the Court finds that Defendants have not carried their burden to show that a stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, concludes that a temporary stay pending resolution of Defendants' Motion to Dismiss is not warranted. Defendant's Motion for Protective Order and Stay of Discovery is hereby **DENIED**.[1] (ECF No. 98.)

**IT IS SO ORDERED**.

Date: November 1, 2017              /s/ *Elizabeth A. Preston Deavers*
                                    ELIZABETH A. PRESTON DEAVERS
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Opinion and Order should be construed as a determination as to the breadth or scope of Plaintiff's discovery requests. The Court reserves judgment on their compliance with the relevance requirements of Rule 26(b)(1) until that question is properly before the Court.