IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA HOGAN, | * | CASE NO. 2:15-cv-2883 |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| CLEVELAND AVE RESTAURANT, | * | |
| INC., et al., | * | |
| | * | |
| Defendants. | * | |

**AFFIDAVIT OF MICHAEL C. FERRARO IN SUPPORT OF
MOTION OF NON-PARTY THIRTY-EIGHT THIRTY, INC.
TO QUASH TWO (2) SUBPOENAS**

State of Ohio )
) SS:
County of Montgomery )

I, Michael C. Ferraro, being over 18 years of age and being duly cautioned and sworn, state under oath as follows:

1. I am president of Thirty-Eight Thirty, Inc., an Ohio Corporation which does business as The Living Room.

2. I have personal knowledge of the matters testified to herein.

3. On October 27, 2017, I was served with two (2) subpoenas by counsel for Plaintiff, Jessica Hogan.

1

4. One subpoena was issued to Thirty-Eight Thirty, Inc., d/b/a "The Living Room," a true and accurate copy of which is attached hereto as Exhibit "A."

5. The second was issued to Thirty-Eight Thirty, Inc., d/b/a "Sharkey's Lounge," a true and accurate copy of which is attached hereto as Exhibit "B."

6. Thirty-Eight Thirty, Inc. does not do business as "Sharkey's Lounge." The bar known as "Sharkey's Lounge" is owned and operated by a different corporate entity, although there is some overlap in ownership and management.

7. Thirty-Eight Thirty, Inc. does not control the separate and distinct entity which owns and operates Sharkey's Lounge.

8. While Thirty-Eight Thirty, Inc. might be able to retrieve some materials requested in the subpoenas more readily, many documents dating back more than a few months would require extensive time to retrieve, review, redact, and copy, including a determination of whether such materials even exist.

9. The disclosure of Thirty-Eight Thirty, Inc.'s lease agreements and/or business plans, including as to any relationship between tenants/entertainers would place Thirty-Eight Thirty, Inc. at a competitive disadvantage as the specifics for its business plan, and how it is implemented, are not generally known or disseminated to the public or competitors.

10. The disclosure of documents relating to policies, practices, or any plan as to tenants or lessees, regardless of the source of such documents, would place Thirty-Eight Thirty, Inc. at a competitive disadvantage as it would require the disclosure of information which is not generally known or disseminated and as such information could be used by another business or entity to compete with Thirty-Eight Thirty, Inc., whether or not Thirty-Eight Thirty, Inc. has implemented any policy, practice, or plan set forth in such documents.

Further Affiant sayeth naught.

_____
MICHAEL C. FERRARO

Sworn to and subscribed in my presence this 10th day of November, 2017.

_____
Notary Public

STEVEN E. BACON, ATTORNEY AT LAW
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION DATE
SECTION 147.03 R.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2017, I served a copy, via a secure electronic link, upon the following parties of record:

Andrew Biller, Esq., Attorney for Plaintiff, Markovits, Stock & DeMarco, LLC, 4200 Regent Street, Suite 200, Columbus, OH 43219.

Paul M. De Marco, Esq. / Andrew P. Kimble, Esq. / Jennifer J. Morales, Esq., Attorneys for Plaintiff, Markovits, Stock & DeMarco, LLC, 3825 Edwards Road, Suite 650, Cincinnati, OH 45209.

Rachel S. Bloomekatz, Esq., Attorney for Plaintiff, Gupta, Wessler PLLC, 1148 Neil Avenue, Columbus, OH 43201.

Anthony R. Cicero, Esq., Attorney for Defendant, Buckeye Association of Club Executives, 500 East Fifth Street, Dayton, OH 45402.

Edward W. Hastie, III, Esq., Attorney for Defendant, Francis Sharrak, Hastie Law Office LLC, 1421 West Third, Columbus, OH 43212.

_____
Jonathan B. Freeman (#0067683)
Steven E. Bacon (#0059926)
Attorney for Non-Party Movant,
Thirty-Eight Thirty, Inc.

3

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| Jessica Hogan | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:15-cv-2883 |
| Cleveland Ave Restaurant, Inc., et al | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Thirty-Eight Thirty, Inc., d/b/a "The Living Room," c/o Michael C. Ferraro, 3830 N. Dixie Dr., Dayton, OH 45414

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached, Exhibit A.

| Place: Markovits, Stock & DeMarco, LLC<br>3825 Edwards Road, Suite 650<br>Cincinnati, OH 45209 - akimble@msdlegal.com | Date and Time:<br>11/10/2017 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/25/2017

*CLERK OF COURT*

OR

_____    /s/ Andrew Kimble
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jessica Hogan and similarly situated persons, who issues or requests this subpoena, are:

Andrew Kimble, 3825 Edwards Rd. # 650, Cincinnati, OH 45209, 513-665-0213, akimble@msdlegal.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## Definitions

### You, Your, Recipient:

"You," "Your," or "Recipient" means the entity to whom this subpoena is directed, and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.).

### Living Room:

"Living Room" refers to the adult entertainment club located at 3830 N. Dixie Drive, Dayton, OH 45414 owned and operated by you.

### Relevant Time Period:

"Relevant Time Period" means October 6, 2009 to the present.

### Entertainer:

"Entertainer" means any dancers, exotic dancers, strippers, etc. classified as something other than an "employee."

### Entertainer Tenant Space Lease Agreement:

"Entertainer Tenant Space Lease Agreement" means any document that characterizes and defines the relationship between an adult entertainment club and the entertainers, exotic dancers, strippers, etc., who work at the adult entertainment club as a landlord/tenant or lessor/lessee relationship, or anything other than an employer/employee relationship.

### Document(s):

"Document" and "documents" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

(a) All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper, publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced.

(Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

(b) All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

(c) All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

(d) All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

**And, Or:**

The terms "and/or," "or" and "and" are used inclusively, not exclusively.

## DOCUMENTS TO BE PRODUCED

1. If you have used an Entertainer Tenant Space Lease Agreement at any time during the relevant time period, please produce an exemplar of each version of the Entertainer Tenant Space Lease Agreement used during the relevant time period. The exemplar should include all pages of the Entertainer Tenant Space Lease Agreement and any accompanying instructions or additional information, whether or not supplied to the entertainer. You may redact the documents as necessary to protect the entertainer's confidentiality.

2. Produce all documents created by, distributed by, or otherwise provided to you by the Buckeye Association of Club Executives and/or the Owners Coalition relating to a policy, practice, or plan of characterizing entertainers at Living Room as tenants or lessees.

EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| Jessica Hogan<br>*Plaintiff*<br>v.<br>Cleveland Ave Restaurant, Inc., et al<br>*Defendant* | Civil Action No. 2:15-cv-2883 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Thirty-Eight Thirty, Inc., d/b/a "Sharkey's Lounge," c/o Michael C. Ferraro, 3830 N. Dixie Dr., Dayton, OH 45414

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached, Exhibit A.

| Place: Markovits, Stock & DeMarco, LLC<br>3825 Edwards Road, Suite 650<br>Cincinnati, OH 45209 - akimble@msdlegal.com | Date and Time:<br>11/10/2017 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/26/2017

CLERK OF COURT

OR

_____  /s/ Andrew Kimble
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jessica Hogan and similarly situated persons, who issues or requests this subpoena, are:
Andrew Kimble, 3825 Edwards Rd. # 650, Cincinnati, OH 45209, 513-665-0213, akimble@msdlegal.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## Definitions

### You, Your, Recipient:

"You," "Your," or "Recipient" means the entity to whom this subpoena is directed, and all of its agents, subsidiaries, divisions, and related entities (including all of their agents, subsidiaries, divisions, predecessors, successors, assignees, etc.).

### Sharkey's Lounge:

"Sharkey's Lounge" refers to the adult entertainment club located at 6028 N Dixie Dr, Dayton, OH 45414 owned and operated by you.

### Relevant Time Period:

"Relevant Time Period" means October 6, 2009 to the present.

### Entertainer:

"Entertainer" means any dancers, exotic dancers, strippers, etc. classified as something other than an "employee."

### Entertainer Tenant Space Lease Agreement:

"Entertainer Tenant Space Lease Agreement" means any document that characterizes and defines the relationship between an adult entertainment club and the entertainers, exotic dancers, strippers, etc., who work at the adult entertainment club as a landlord/tenant or lessor/lessee relationship, or anything other than an employer/employee relationship.

### Document(s):

"Document" and "documents" include: All things encompassed by the definition of the word "document" in Federal Rule of Civil Procedure 34(a), and/or "writings and recordings" in Federal Rule of Evidence 1001(1)—including, without limitation:

  (a) All electronic information and other information, and all other communications, records, data, files, writings, handwritings, messages, and anything that is a mail, file, file cover, datum, memorandum, letter, envelope, correspondence, report, note, sticker, Post-It, message, telephone or voice recording, other recording, telephone log, diary, journal, minute(s), calendar, summary, draft, work paper, facsimile, contract, invoice, chart, graph, index, directory, computer disk, computer tape, computer screen, computer printout, storage, affidavit, book, paper, publication, article, study, pamphlet, bulletin, photograph, drawing, picture, film, audio and/or video recording, survey, test result, list, or transcript, and any other written, printed, typed, taped, filmed, electronically-stored, or graphic, sound, or electronic matter, and any other item of information—however kept, stored, produced, or reproduced.

(Electronic information further includes any electronic record, and all items stored in or on computer memories, hard disks, floppy disks, CD-ROM, zip-drives, other drives, electronic bulletin boards, including all levels of access, sub-boards, conferences, metadata, and all information contained therein, and any other vehicle for information storage and/or transmittal. Unless otherwise specified, all electronic information should be produced in its native format with metadata intact.)

(b) All files, file covers, folder tabs, containers, storage devices, and labels that at any time accompanied or were appended to, or associated in any way with the original and any copies of the document(s)—and any other file-related documents and information (including metadata).

(c) All other related electronic data and information—including the original (and all copies where an original is not available) and all non-identical copies.

(d) All originals, copies, and other versions—including all non-identical copies, drafts, rough drafts, etc.—whether or not the copies and versions are non-identical because of any handwritten notes, comments, attachments, annotations, marks, transmission notations, highlighting of any kind, or any other kinds of markings, notes, or changes.

**And, Or:**

The terms "and/or," "or" and "and" are used inclusively, not exclusively.

## **DOCUMENTS TO BE PRODUCED**

1. If you have used an Entertainer Tenant Space Lease Agreement at any time during the relevant time period, please produce an exemplar of each version of the Entertainer Tenant Space Lease Agreement used during the relevant time period. The exemplar should include all pages of the Entertainer Tenant Space Lease Agreement and any accompanying instructions or additional information, whether or not supplied to the entertainer. You may redact the documents as necessary to protect the entertainer's confidentiality.

2. Produce all documents created by, distributed by, or otherwise provided to you by the Buckeye Association of Club Executives and/or the Owners Coalition relating to a policy, practice, or plan of characterizing entertainers at Sharkey's Lounge as tenants or lessees.