IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JESSICA HOGAN,** *et al.***,**

    **Plaintiffs,**

                                      **Civil Action 2:15-cv-02883**
                                      **Judge Algenon L. Marbley**
       **v.**                               **Chief Magistrate Judge Elizabeth P. Deavers**

**CLEVELAND AVE
RESTAURANT, INC.,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' Motion to Compel Against Defendant BACE Pursuant to Fed. R. Civ. P. 37(a) (ECF No. 196), Defendant Buckeye Association of Club Executives' Response in Opposition (ECF No. 202), and Plaintiffs' Reply (ECF No. 206). For the reasons that follow, Plaintiffs' Motion to Compel (ECF No. 196) is **GRANTED**.

## I.   PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on October 6, 2015 against Defendant Cleveland Avenue Restaurant, Inc., d/b/a "Sirens," as well as management and owners ("Sirens Defendants"). (ECF No. 1.) Plaintiffs filed an Amended Complaint on May 19, 2017, adding Buckeye Association of Club Executives and the Owner's Coalition as Defendants. (ECF No. 74.) Defendant Buckeye Association of Club Executives ("BACE"), the only Defendant involved in the instant motion, filed an Answer to the Amended Complaint on April 15, 2018.

(ECF No. 129.)  On December 10, 2018, Plaintiffs filed the instant Motion to Compel against BACE.  (ECF no. 196.)  Plaintiffs request, pursuant to Federal Rule of Civil Procedure 37(a), an order compelling BACE to identify its members and respond to further discovery concerning the members' activities and BACE's activities in concert with them.  (*Id.*)  Plaintiffs filed deposition transcript excerpts related to their Motion to Compel on January 7, 2019.  (ECF No. 201.)  BACE filed its Response in Opposition on January 7, 2019.  (ECF No. 202.)  Plaintiffs filed their Reply on January 18, 2019.  (ECF No. 206.)

## II. FACTS

This case originated as a wage lawsuit under the Fair Labor Standards Act ("FLSA") against the Sirens Defendants related to work performed in various roles at a Columbus-area adult entertainment club.  (*See* ECF No. 1.)  Plaintiffs learned that Sirens was a member of BACE, an association of adult entertainment club owners, and attempted to gather more information about BACE by serving a subpoena for deposition and documents upon BACE.  (ECF No. 46, Ex. 1.)  In the subpoena, Plaintiffs primarily sought testimony and documents related to the so-called "Entertainer Tenant" system allegedly used by BACE's member-businesses to structure compensation agreements.  (ECF No. 46, Exhibit 1.)  BACE filed a Motion to Quash the Subpoena.  (ECF No. 46.)  On December 28, 2016, the Court granted BACE's Motion, finding that the factors weighed in favor of quashing the subpoena as unduly burdensome primarily because the lease agreements were not relevant to Plaintiffs' claims under the FLSA against her employer.[1]  (ECF No. 59.)  The Court noted that at the time it issued its Opinion and Order, the "lawsuit [was] about one club and its pay practices with respect to its

---

[1] The Court did not, as counsel for BACE seems to suggest, quash the subpoena based on its argument that the matters were privileged under the First Amendment to the Constitution. (*See* Depo. Trans. Excerpt at pp. 4-5 and *passim*, ECF No. 201-1.)

2

dancers and/or bartenders and not a conspiracy between business associations and its members." (*Id.* at pg. 5–6, n.1.)

On May 1, 2017, however, Plaintiffs moved to amend their complaint to add, among other things, claims of conspiracy against BACE. (ECF No. 74.) After the Court granted the Motion, Defendant BACE moved to dismiss the First Amended Complaint and filed a Motion for a Protective Order/Stay. (ECF Nos. 93 & 98.) The Court denied both Motions. (ECF Nos. 113 & 125.) Plaintiffs assert that despite these rulings Defendant BACE "has continued to resist discovery regarding its members based on a purported First Amendment privilege." (ECF No. 196, at pg. 3.) Specifically, Plaintiffs maintain that Defendant BACE has failed to respond to this discovery request in its response to Plaintiffs' written discovery. (ECF No. 196, Exhibit 1 at pg. 8, ¶ 5.) Furthermore, Plaintiffs specifically assert that at the Rule 30(b)(6) deposition, Defendant BACE's counsel instructed BACE's designated representative, Gregory Flaig, not to answer questions related to the names of BACE's members. (ECF No. 201, Exhibit 1.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37 authorizes a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests if the party moving for an order compelling disclosure or discovery "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences."). Here, Plaintiffs attach a certification, averring that counsel has conferred in good faith with Defendant BACE's counsel but the parties were not able to agree on a resolution.

(ECF No. 196, at pg. 8.) Thus, the Court concludes that Plaintiffs have satisfied the prerequisites of Rule 37(a).

Determining the scope of discovery is within this Court's discretion. *Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-1102, 2018 WL 2441789, at *3 (N.D. Ohio, May 31, 2018). Federal Rule of Civil Procedure 26(b) identifies the acceptable scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."), 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)[.]"). "In considering the scope of discovery, the Court may balance Plaintiff's right to discovery with the need to prevent fishing expeditions." *Askin v. Ocwen Loan Servicing, LLC*, No. 2:16-cv-325, 2017 WL 4404487, at *2 (S.D. Ohio Oct. 4, 2017) (internal quotations and citations omitted).

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (internal quotations and citation omitted). If the movant makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *O'Malley*, 311 F.R.D. at 463); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues

4

should be able to explain the ways in which the underlying information bears on the issues as that party understands them.").

## IV. ANALYSIS

Defendant BACE argues that it has a constitutionally recognized privilege which shields them from disclosing information regarding its members. (*See* ECF No. 202.) BACE claims that it is "a not for profit entity committed to the positive promotion and preservation of gentlemen's clubs in Ohio through lobbying and education that supports the First Amendment rights upon which the industry is firmly rooted." (Id. pp. 1-2.) In support of this supposition, BACE cites *NAACP v. Alabama*, 357 U.S. 449 (1958). (*Id.* at pg. 2.) In that case, the Supreme Court of the United States held that NAACP membership lists were immune from state scrutiny under the Fourteenth Amendment because of the members' right to pursue their lawful private interests privately and to associate freely with others. *NAACP*, 357 U.S. at 466. More specifically, the Court found that protecting organizations' *anonymous* members was justified by their constitutional right to freely associate with others pursuing their lawful interests privately. *Id.* (emphasis added).

Defendant BACE analogizes its members to those of the NAACP in *NAACP v. Alabama*, arguing that "disclosure of the identities of those that are, or have been, members of BACE will subject those supporters to reprisal, including but not limited to, by means of a subpoena or lawsuit." (ECF No. 202, at pg. 2.) Defendant further insists that the "forced disclosure of the identities of BACE's members and supporters will adversely affect BACE's business, through membership withdrawal, the loss of new members, as well as the loss of other revenue generating activities." (*Id.*)

5

BACE's argument is not well taken. The *NAACP* doctrine does not apply to organizations whose members and activities have already been publicly identified and disclosed. BACE has previously publicized information regarding its members, making the privacy interest "tenuous at best" because BACE has "made public . . . the association they now wish to keep private." *Uphaus v. Wyman*, 360 U.S. 72, 80–81 (1959) (finding the *NAACP* doctrine did not apply when the government sought a list of guests who attended a camp and that list was already a matter of public record). Here, although BACE claims that a screenshot of its website that identifies 14 strip clubs "does not hold out these clubs as members . . ." (BACE Opp., ECF No. 212 at p.3), BACE's website did in fact display the logos of various dance clubs under the heading of "Members" at least as of January 8, 2017.[2] (ECF No. 49-2, ECF No. 206, at pg. 2.)[3] Furthermore, at least as of August 12, 2013, BACE's website displayed the names, telephone numbers, addresses, and building pictures of various dance clubs under the "Members" heading.[4] (ECF No. 206, at pg. 3 & Exhibit 1.) Two additional deleted webpages in December 2014 and February 6, 2015 also publish BACE's members.[5] Moreover, BACE provided its list of members to law enforcement in August of 2014. (ECF No. 206, Exhibit 2.) At least as of December 17, 2014, the BACE website included a memo from BACE President Lee Hale dated June 25, 2014. (*Id.*) In the memo, Mr. Hale indicates that "I have instructed Greg [Flaig] to send to all law

---

[2] https://web.archive.org/web/20170108145211/http://www.baceohio.org/members.html

[3] After Plaintiff filed her Memorandum in Opposition to Quash Subpoena which contained the exhibit identifying BACE's members on the website and argued that it had publicly identified its members by doing so, BACE took down that webpage on the advice of an unidentified lawyer. (Depo. Trans. Excerpts, ECF No. 201-1, at pp. 10-11.)
[4] https://web.archive.org/web/20130812152124/http://baceohio.org/MEMBERS.html

[5] https://web.archive.org/web/20141217000226/http://baceohio.org and
https://web.archive.org/web/20150206063113/http://baceohio.org/MEMBERS.html

enforcement the membership list of BACE AND THE OWNERS COALITION ON AUGUST 3rd, 2014." (*Id.*) Defendant BACE has, at best, not kept its membership list private on a consistent basis. At worst, BACE had never treated its membership as a secret and only sought to do so when it became expedient for this lawsuit. Accordingly, Defendant cannot hide behind a privacy privilege.[6]

Plaintiffs have aptly carried their burden of demonstrating that the information sought is relevant. *O'Malley*, 311 F.R.D. at 463. This relevance standard is a low threshold to meet, given the broad nature of discovery. *Hadfield v. Newpage Corp.*, No. 5:14-cv-00027, 2016 WL 427924, at *3 (W.D. Ky. Feb. 3, 2016). Plaintiffs seek this information to prepare their class certification motion as to the claims involving BACE. Furthermore, the discovery at issue in the instant Motion is crucial to Plaintiffs' allegations involving BACE being part of a conspiracy with dance clubs to violate wage and hour and antitrust laws. Accordingly, the Court finds that the information sought by Plaintiffs is relevant.

The burden, therefore, shifts to Defendant BACE to show that to produce the requested information would be unduly burdensome. *Prado*, 2017 WL 5151377 at *1 (citation omitted). BACE has made no argument that producing a membership list would be burdensome. Indeed, BACE appears to be in possession of this list already, given that it has been posted on BACE's website and provided to law enforcement in the past. BACE instead argues that to produce this

---

[6] The Court notes that Plaintiffs also assert that that the *NAACP* doctrine does not shield from disclosure the activities of organization members that violate the substantive rights of those members' employees and that the specific information sought by Plaintiffs' discovery does not involve any constitutionally protected advocacy undertaken by BACE as an association or by its members. Defendant BACE did not address these arguments whatsoever. Because the Court concludes that the NAACP doctrine does not apply here because BACE has already publicly identified and disclosed its members, the Court declines to address these arguments at this juncture.

7

information would "result in unjustified legal scrutiny based on Plaintiffs' speculation" and cause "grave and unjustifiable harm to the Association and its members." (ECF No. 202, at pg. 6.) These blanket assertions, without supporting evidence, do not equate to an argument that the production of the requested information is unduly burdensome. Accordingly, the Court finds that Defendant BACE has failed to carry its burden to show that production of the requested information would be unduly burdensome.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel (ECF No. 196) is **GRANTED**. Defendant BACE is **ORDERED** to provide Plaintiffs with a list of its members within **FOURTEEN (14) DAYS OF THE DATE OF THIS ODER**. Defendant BACE is further **ORDERED** to respond to discovery requests from Plaintiffs concerning BACE's members' activities.

**IT IS SO ORDERED.**


Date: April 26, 2019                    /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **CHIEF UNITED STATES MAGISTRATE JUDGE**