**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JESSICA HOGAN,** *et al.*,

    **Plaintiffs,**

                              **Case No. 2:15-cv-2883**

    vs.                            **Chief Judge Algenon L. Marbley**

                                 **Chief Magistrate Judge Elizabeth P. Deavers**

**CLEVELAND AVE RESTAURANT,**
**INC.,** *et al.*,

    **Defendants.**

### REPORT AND RECOMMENDATION and CERTIFICATION OF FACTS

This matter is before the Undersigned pursuant to General Order No. COL:14-01(IV)(C)(2), for consideration of Plaintiffs' Motion for Order to Show Cause Against Vanity Gentlemen's Club. (ECF No. 245.) Plaintiffs move this Court for an order finding Vanity in contempt for failure to comply with a subpoena without adequate excuse. (*Id.*) For the reasons that follow, it is **RECOMMENDED** that non-party Vanity not be held in civil contempt.

    **I.**    **MAGISTRATE JUDGE'S AUTHORITY REGARDING CONTEMPT**

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges. 28 U.S.C. § 636(e)(1) ("A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.") Section (e)(6)(B), which applies in civil cases where the parties have not consented to final judgment by the magistrate judge, provides as follows:

> **(6) Certification of other contempts to the district court**.—Upon the commission of any such act—

\*     \*     \*

> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where—
>
>> (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,
>>
>> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>>
>> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B) (emphasis in original).

Thus, a "magistrate judge's role on a motion for contempt in non-consent cases is to certify facts relevant to the issue of contempt to the district judge." *Euchlid Chem. Co. v. Ware*, No. 1:11-cv-135, 2013 WL 6632436, at \*1 (S.D. Ohio Dec. 17, 2013) (collecting cases establishing the proposition). Such a certification "serves to determine whether the moving party can adduce sufficient evidence to establish a *prima facie* case of contempt." *In re Warren Easterling Litigation*, No. 3:14-mc-11, 2014 WL 3895726, at \*1 (S.D. Ohio Aug. 8, 2014) (internal quotation marks and citation omitted).

## II.    CERTIFIED FACTS

On February 7, 2020, Plaintiffs moved the Court for an order under Rule 45(g) of the Federal Rules of Civil procedure requiring Vanity Gentlemen's Club ("Vanity") to show cause why it should not be held in contempt for failing to obey a subpoena without adequate cause. (ECF No. 245.)  Plaintiffs' Motion was supported by an Affidavit of Laura M. Linneman, paralegal at the law firm of Markovits, Stock, and DeMarco.  (ECF No. 245-1.)  As verifed in the Affidavit, a subpoena for documents ("the Subpoena") was sent by certified mail to Vanity on October 1, 2019.  (*Id.* at 1, 4-8.)  An electronic return receipt from the United States Postal Service shows that the Subpoena was delivered on October 4, 2019.  (*Id.* at 2, 10.)  As of the date of Plaintiffs' Motion, Vanity had not produced any documents responsive to the Subpoena or objected to the Subpoena, nor had it responded to Plaintiffs.  (*Id.* at 2.)  Plaintiffs' moved for an order requiring Vanity to appear and show cause as well as for an order requiring Vanity to pay Plaintiffs' expenses, including attorney fees, incurred in connection with their counsel's efforts to secure compliance with the Subpoena.  (ECF No. 245 at 3–4.)  On April 9, 2020, the Undersigned granted Plaintiffs' Motion and, *inter alia*, ordered that "[u]nless Plaintiffs report that [Vanity] [has] responded or produced the requested documents in the interim, . . . Vanity shall appear" and show cause why it should not be held in contempt for failing to obey the Subpoena.  (ECF No. 254.)

On April 14, 2020, Vanity filed a Notice indicating that it had responded to the Subpoena.  (ECF No. 257.)  On April 29, 2020, Plaintiffs filed a Notice with additional information about the Subpoena to Vanity and Vanity's alleged response.  (ECF No. 264.) Plaintiffs represented that counsel for Vanity, Damion M. Clifford, emailed Plaintiffs' counsel on April 14, 2020, objecting to the Subpoena and indicating that Vanity only recently became

3

aware of it and the Motion for Order to Show Cause. (ECF No. 264-1 at 10–11.) Plaintiffs' counsel responded to Mr. Clifford on April 15, 2020, asserting that Vanity's objections were improper and that its response to the Subpoena was thus still incomplete. (*Id.* at 13–16.)

On May 1, 2020, the Undersigned conducted a telephonic Show Cause Hearing pursuant to the April 9, 2020 Order. Mr. Clifford attended on behalf of Vanity and represented that Vanity did not receive a copy of the Subpoena until January and that it did not receive the Motion for Order to Show Cause until April. He further represented that Vanity likely has no responsive documents. The Undersigned directed Vanity to produce any documents that it has related to the lease agreements at issue in this case and set another conference for May 13, 2020.

At the follow-up conference on May 13, 2020, Mr. Clifford represented that Vanity had produced a two-page document to Plaintiffs and that it has no other relevant documents. Plaintiffs' counsel confirmed receipt of those documents but maintained that Vanity should still be held in contempt and sanctioned due to its failure to timely respond to the Subpoena and to compensate for the more than ten hours of attorney time required for Vanity to comply with the Subpoena.

On May 14, 2020, Vanity filed an Affidavit by its owner, Abe Amira. (ECF No. 269.) Mr. Amira represented that Vanity has never been a member of the Buckeye Coalition of Club Executives ("BACE") or The Owners' Coalition ("OC"). (*Id.* at ¶ 2.) He asserted that Vanity did not receive the Subpoena until January 2020, at which point he provided it to Mr. Clifford. (*Id.* at ¶¶ 3–5.) Additionally, Mr. Amira maintained that Vanity was not served with the Motion for Order to Show Cause on March 16, 2020, as Vanity was in compliance with the Governor of Ohio's temporary closure of bars due to the COVID-19 pandemic and therefore no one was present to sign for the certified mail. (*Id.* at ¶¶ 8–9.) Mr. Amira believed that the postal carrier

signed for the certified mail in March and, by comparison of the signatures, also in October 2019 when the Subpoena was initially served. (*Id.* at ¶ 10, Exhibit 1, Exhibit 2.)

On May 15, 2020, Vanity filed a formal Response in Opposition to Plaintiffs' Motion for Order to Show Cause. (ECF No. 273.) Vanity contends that it should not be held in contempt because it has now fully responded to the Subpoena by producing its only responsive documents. (*Id.*) It asserts that delay alone is not a proper basis for imposing sanctions. (*Id.* at 3–4.) It further asserts that Plaintiffs had knowledge that Vanity was and is not a member of BACE or OC such that it should have known Vanity would not have relevant information. (*Id.* at 4.) Vanity cites several cases of district courts across the country holding that sanctions are generally not warranted where a nonparty has not violated a court order. (*Id.* at 4–5.)

### III.     ANALYSIS

Under the present circumstances, Vanity's failure to timely comply with the Subpoena does not constitute disobedience to a lawful court order amounting to contempt. "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The Court's use of its contempt power "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir.2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). In a contempt proceeding, the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order." *U.S. v. Conces*, 507 F.3d 1028, 1041–42 (6th Cir. 2007); *Gary's Elec. Serv. Co.*, 340 F.3d at 379. Once a *prima facie* case of contempt is established, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the

5

court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379. To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quotation omitted). The Court must also assess whether the defendant "'took all reasonable steps within [its] power to comply with the court's order.'" *Gary's Elec. Serv. Co*., 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

Here, Vanity's delay in responding or objecting to the Subpoena does not amount to contempt. While Vanity's response to the Subpoena was certainly delayed, the Undersigned is not persuaded that Plaintiffs have produced clear and convincing evidence that Vanity violated a court order. *See U.S. v. Conces*, 507 F.3d 1028, 1041–42 (6th Cir. 2007) (holding that the moving party must demonstrate "by clear and convincing evidence that the party to be held in contempt violated a court order"). Vanity responded to the Court's April 9, 2020 Order with a notice stating it had responded to the Subpoena. (ECF No. 257.) Vanity's counsel appeared and participated in the May 1, 2020 Show Cause Hearing wherein the Undersigned ordered it to comply with the Subpoena and produce any responsive documents. While Plaintiffs' counsel maintained its request for attorney fees due to the untimely response, Plaintiffs acknowledged during the follow-up Show Cause Hearing on May 13, 2020, that they had received Vanity's responsive documents. Additionally, there remains questions as to whether Vanity received the Subpoena and the Motion for Order to Show Cause, as the signature on the certified mail returns may belong to the postal carrier.[1] (*See* ECF No. 269.)

---

[1] The Court is aware that during the COVID-19 pandemic, the United States Postal Service has initiated a protocol in which the postal carrier signs the "green card" upon delivery of the certified mail rather than making personal contact with the customer for her or his signature.

The Advisory Committee Notes on the 2013 amendments to Federal Rule of Civil Procedure 45 provide as follows with respect to subdivision (g):

> [Rule 45(g)] is . . . amended to clarify that contempt sanctions may be applied to a person who disobeys a subpoena-related order, as well as one who fails entirely to obey a subpoena. *In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena.* Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Fed. R. Civ. P. 45 Advisory Committee Note (2013) (emphasis added). While the Court acknowledges Vanity's delay in responding to the Subpoena, under these circumstances where Vanity complied with the Court's order to produce any responsive documents, the Undersigned finds that civil contempt sanctions are inappropriate.

## IV.     CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Vanity not be found in civil contempt at this time for failure to comply in a timely manner with the Subpoena.

The Clerk is **DIRECTED** to send by first class mail and email a copy of this Report and Recommendation to counsel for Vanity at the following addresses:

Damion M. Clifford
Arnold & Clifford LLP
115 W. Main Street, 4th Floor
Columbus, Ohio 43215
dclifford@arnlaw.com

The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

DATED: September 2, 2020       */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **CHIEF UNITED STATES MAGISTRATE JUDGE**