THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jessica Hogan, *et al.*, <br><br> *On behalf of herself and those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Cleveland Ave Restaurant, Inc. (d/b/a Sirens), *et al.*, <br><br> Defendants. | Case No. 2:15-cv-2883 <br><br> Chief Judge Algenon Marbley <br><br> Chief Magistrate Judge Elizabeth Preston Deavers |

PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

After holding a fairness hearing, on July 31, 2020, the Court granted Plaintiffs' Motion for Approval of Bartender's Collective Action Settlement (Doc. 278). Opinion & Order, Doc. 303. Defendants have refused to make the required settlement payment totaling $83,143.29. The Settlement Agreement provides for an enforcement procedure in this situation. Agreement, Doc. 223-1, PAGEID 1906. Plaintiffs' respectfully ask the Court to enforce the Agreement according to its terms.

A memorandum in support is attached hereto.

Respectfully submitted,

*/s/ Phil Krzeski*
Andrew R. Biller (0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200

Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
abiller@billerkimble.com

Andrew P. Kimble (0093172)
Philip J. Krzeski (0095713)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45236
Telephone: (513) 715-8712
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
www.billerkimble.com

Paul De Marco (0041153)
MARKOVITS, STOCK & DEMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
Tel: (513) 651-3700
Fax: (513) 665-0219
pdemarco@msdlegal.com

## Memorandum in Support of Plaintiffs' Motion to Enforce Settlement Agreement

That did not take long. Defendants have failed to make the very first payment due under the parties' Settlement Agreement.

After lengthy litigation, the parties resolved this lawsuit with a Settlement Agreement that requires Defendants to make a series of payments to the class members. On July 31, 2020, the Court held the fairness hearing. Defendants were represented at the hearing by counsel and by defendant Francis Sharrak, neither of whom hinted that Defendants would be unable to make payments on the Settlement Agreement they were asking the Court to approve. Following the hearing, the Court granted final approval of the Settlement Agreement as it relates to the bartender plaintiffs in the lawsuit. Opinion & Order, Doc. 303. Defendants failed to make the first payment due under the Settlement Agreement, citing financial difficulties.

The Agreement provides for what happens if Defendants refuse to pay—at the request of Class Counsel, the Court can appoint a Special Master to ensure Defendants make the payments under the Agreement. Exhibit 1, Settlement Agreement, § 10(B). Plaintiffs ask the Court to make this appointment pursuant to the Agreement's terms.

**1. Litigation and Settlement Background**

In relevant part,[1] this lawsuit is against a Columbus-area strip club called "Sirens." Plaintiff Jessica Hogan worked at the club as a bartender and dancer. Plaintiff DeJha Valentine worked there

---

[1] There are also antitrust and conspiracy claims asserted against other clubs and related industry groups.

3

as a dancer. Together, Plaintiffs asserted various wage and hour claims against the club, its owners, and managers. *See* Opinion & Order, Doc. 230, PAGEID 1961–62.

This suit has been both protracted and impeded by Defendants withholding and destroying documents.[2] To resolve the case, the parties attended three mediations with Magistrate Judge Jolson—at the end of 2017, the summer of 2018, and February 2019.

A significant factor in crafting a settlement was Defendants' ability to pay a settlement or a judgment. As a result, Plaintiffs employed a third-party forensic accountant (GBQ Partners LLC) to both examine Defendants' financial records and observe their business operations onsite. *See, e.g.*, Doc 223, PAGEID 1879.

At the February 2019 mediation, the parties reached a deal in principle, which was then reflected on an MOU, signed that day, after which they turned to drafting and finalizing the full Settlement Agreement. Of relevance here, the parties had agreed to a total settlement of $600,000. Given Defendants' finances, however, the parties also agreed to payments over a lengthy period of time. Specifically, Defendants would pay the bartenders' settlement amount 14 days after final approval. Following that, Defendants would start making $8,000 monthly payments to the dancer class after final approval of that portion of the settlement. The obvious intent of this payment schedule was to accommodate what Defendants could pay. There are several important details about this system.

First, it was generally understood that the bartender settlement amount was likely to be around $75,000. The actual amount was approximately $83,000. *See* Doc. 278, PAGEID 2906.

---

[2] *See, e.g.*, Order, Doc. 50 (compelling Defendants to produce records and pay Plaintiff's reasonable attorney's fees); Show Cause Order, Doc. 67; Plaintiffs' Motion to Enforce Previously-Awarded Sanctions, Doc. 75; Opinion & Order, Doc. 124 (setting a hearing for Defendants to "show cause as to why they should not be further sanctioned or held in contempt"); Opinion & Order, Doc. 165 (holding Sirens in civil contempt and imposing additional sanctions).

4

Second, it was understood that there would be a lag between the time the parties signed the MOU (February 21, 2019) and the time that the bartender settlement would receive final approval because of the preliminary approval, notice, and final approval process. This lag would give Defendants sufficient time to save funds to pay the bartender settlement amount.

Third, it was understood that there would be an even greater lag between the time the parties signed the MOU and when Defendants would have to start making the $8,000 monthly payments to the dancers because of the anticipated yearlong notice process for the dancer class.

As it turned out, negotiating what should have been a straightforward settlement agreement based on the MOU proved an arduous task. It took six months for Plaintiffs to finally be able to move for preliminary settlement approval (Doc. 223, filed August 29, 2019) and, even then, Defendants felt compelled to file their own "motion for approval" to argue over the case's facts. *See* Doc. 228. Plaintiffs point out this additional lag because, during this six-month period (and during the pendency of the lawsuit), Defendants could have started saving money to make the first settlement payment.

From the time Plaintiffs filed their motion for preliminary approval until the Court's final approval motion on the bartender's portion of the settlement, another 11 months passed. *See* Opinion & Order, Doc 303, filed July 31, 2020. Plaintiffs anticipated that Defendants would use this time to save money to pay for the first settlement payment.

The deadline for Defendants' payment to the bartenders was August 14, 2020. This date came and went with no payment. Plaintiffs' counsel followed up several times and received no answer as to the status of payment. *See* Email Chain between Counsel attached as Exhibit 1.

5

Finally, Defendants' counsel, Christina Corl, responded that Defendants would not be making the first settlement payment. Ms. Corl alleged that her clients had been unable to operate since March of 2020 due to the novel coronavirus and, as a result, made no money during that time. No explanation was given as to why Defendants had not used the entire year from between February 21, 2019 and February 2020 to save money to fund the settlement.

2. **The Settlement Breach Mechanism**

Given Defendants' litigation history in this case and their claims of financial weakness, Plaintiffs had concerns as to whether Defendants would follow through with their financial obligations under the Agreement. Accordingly, Plaintiffs insisted upon a mechanism to ensure payment in the event of a breach. To put the situation plainly, Plaintiffs can petition the Court to appoint a Special Master to delve into Defendants' finances and ensure that they pay the settlement amounts.

The mechanism is set forth below:

**10. Enforcement**

A. If Defendants Sirens, Francis Sharrak and/or Michael Sharrak miss a payment outlined above (including the monthly escrow payments or the biannual class payments), any plaintiff, class member, or Class Counsel may notify Defendants of the breach. Defendants will have up to 30 days to cure the breach.

B. If any of the following occurs: (1)Defendants Sirens, Francis Sharrak and/or Michael Sharrak fail to cure a breach within 30 days, (2) Defendants Sirens, Francis Sharrak and/or Michael Sharrak are late in making payments in two consecutive months, or (3) Class Counsel has notified Defendants of a breach three ties, and Defendants Sirens, Francis Sharrak and/or Michael Sharrak miss or are late making a fourth payment; then Class Counsel may request that the Court appoint a special master ("Special Master"), as described below.

For any one of the causes described above, Class Counsel may move the Court to appoint a Special Master to ensure Defendants Sirens, Francis Sharrak and/or Michael Sharrak make all of their required payments under this Agreement. The

Special master will have wide discretion to oversee Defendants Sirens, Francis Sharrak and/or Michael Sharrak's income and assets to ensure the required payments are met. The Court may empower the Special Master with any authority that the Court deems fit to accomplish the goal of ensuring Defendants Sirens Francis Sharrak and/or Michael Sharrak make all required payments under this Agreement. The Parties may each suggest up to three candidates to serve as a Special Master, but the Court has discretion to pick any person that the Court deems fit to serve. Defendants will be responsible for the costs associated with the Special Master, to be paid separately and in addition to the Settlement Fund.

**3. Argument**

The Court has broad power to enforce settlement agreements. *Rover Pipeline, LLC v. 5.46 Acres of Land, More or Less, in Belmont Cty., Ohio*, No. 2:17-cv-00105, 2018 WL 3772235, *2 (S.D. Ohio Aug. 9, 2018). This is a straightforward situation where Defendants undisputedly did not make the required settlement payment, and the Agreement sets forth exactly what happens in this scenario. Specifically, Plaintiffs are to move the Court for the appointment of a Special Master. Plaintiffs are now doing so.

Undoubtedly, Defendants will argue that exceptional circumstances require a modification to the Agreement's payment terms. Although all parties and the Court are aware of the impact that the coronavirus has had on life in Ohio, it does not explain why Defendants apparently failed to start saving any money at all to make the first settlement payment totaling $83,143.29.

But, the Court need not decide this issue at all or take Defendants' word for it. The Agreement already addresses this issue through the Special Master provision.

Under the Special Master provision, a neutral appointed by the Court can inspect Defendants' finances, assets, and income, and report to the Court as to what the truth is. From there, the Special Master can do whatever needs to be done to ensure payment. If Defendants are

7

truly destitute, the Special Master can report that fact to the Court, and, under the Agreement, the Court can instruct the Special Master accordingly.

Plaintiffs ask that the Court enforce the agreement and initiate the process of appointing the special master, so that the parties and Court can proceed from there.

4. Conclusion

Plaintiffs respectfully ask that the Court grant their motion to enforce and order the parties to provide up to three suggestions each for potential Special Masters. The Court may then appoint a Special Master from one of those suggestions or one of the Court's own choosing.

Respectfully submitted,

*/s/ Phil Krzeski*
Andrew R. Biller (0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (0093172)
Philip J. Krzeski (0095713)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45236
Telephone: (513) 715-8712
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
www.billerkimble.com

Paul De Marco (0041153)
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
Tel: (513) 651-3700
Fax: (513) 665-0219
pdemarco@msdlegal.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that this motion was filed electronically on September 29, 2020, causing notice of this filing to be sent to all parties by operation of the Court's electronic filing system.


            */s/ Phil Krzeski*
            Philip J. Krzeski