IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA HOGAN AND DEJHA VALENTINE, *et al.*, <br><br> *on behalf of themselves and those similarly situated*, <br><br> **Plaintiffs,** <br><br> v. <br><br> CLEVELAND AVE RESTAURANT, INC., *et al.*, <br><br> **Defendants.** | Case No. 2:15-cv-2883 <br><br> CHIEF JUDGE ALGENON L. MARBLEY <br><br> Magistrate Judge Elizabeth P. Deavers |

## OPINION & ORDER

### I.     INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for a Permanent Injunction pursuant to the Fair Labor Standards Act ("FLSA") and analogous state wage-and-hour laws, including the Ohio Constitution, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and Ohio's Prompt Pay Act. (ECF No. 261). For the reasons that follow, Plaintiffs' Motion for a Permanent Injunction is **DENIED AS PREMATURE AND UNRIPE**, and this Court further requests a revised scheduling order to be docketed by the magistrate judge reflecting such. (*Id.*).

### II.     BACKGROUND

On April 21, 2020, Plaintiffs Jessica Hogan and DeJha Valentine moved for the instant permanent injunction asking this Court to prohibit Defendants Greg Flair, the Buckeye Association of Club Executives, and The Owners Coalition, as well as the House of Babes, Cheeks, Top Hat, Private Dancer, Centerfold, and Fantasyland West from doing, attempting to do, or conspiring to do certain behavior alleged as unlawful. (*Id.*).

1

Defendants filed their response in opposition on October 16, 2020, arguing that the motion is premature. (ECF Nos. 316, 317). Plaintiffs replied that the reason for the filing of the instant motion was compliance with the December 18, 2019 scheduling order, which specified an April 21, 2020 deadline for motions for injunctive relief. (ECF No. 322 (citing ECF No. 234 at 2)).

### III. STANDARD OF REVIEW

The Supreme Court has set forth a four-factor test that a plaintiff must satisfy before a permanent injunction may issue: (1) that she has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc., v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Audi AG v. D'Amato,* 469 F.3d 534, 550 (6th Cir. 2006). Unlike a preliminary injunction, a permanent injunction requires Plaintiff to show actual success on the merits, rather than a mere likelihood of success on the merits, as well as a demonstration that she has already suffered irreparable injury. *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987); *see also Audi AG*, 469 F.3d at 550. Plaintiff bears the burden of demonstrating the right to injunctive relief by clear and convincing evidence. *See, e.g.*, *Chicago Title Ins. Corp. v. Magnusson*, 487 F.3d 985 (6th Cir. 2007).

### IV. LAW & ANALYSIS

Issuance of a permanent injunction is not proper until some final entry in this matter. Here, the merits of the case have not yet been adjudicated, and thus Plaintiffs cannot show "actual success on the merits" as required to obtain a permanent injunction. Absent final judgment as to some claims or parties under Fed.R.Civ.P. 54(b), the request for a permanent injunction is premature and unripe. *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. CIV. 09-1091

JNE/JSM, 2011 WL 2533846, at *1 (D. Minn. June 27, 2011) ("No judgment has been entered in Aviva's favor, no trier of fact has found in Aviva's favor, and no motion for judgment on the pleadings or summary judgment has been granted in Aviva's favor.").

## V. CONCLUSION

This Court **DENIES AS PREMATURE AND UNRIPE** Plaintiffs' Motion for Permanent Injunction and requests a revised scheduling order to be docketed by the magistrate judge reflecting such. Plaintiffs may seek leave to file a renewed motion for permanent injunction subsequently. (ECF No. 261).

**IT IS SO ORDERED.**

                                                                                                         _____
                                                      **ALGENON L. MARBLEY**
                                                      **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 15, 2021**