**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JESSICA HOGAN AND DEJHA VALENTINE,** *et al.*, | : | |
| | : | |
| *on behalf of themselves and those similarly situated*, | : | |
| | : | **Case No. 2:15-cv-2883** |
| **Plaintiffs,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **CLEVELAND AVE RESTAURANT, INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

### I.  INTRODUCTION

This matter comes before the Court on consideration of appointment of a Special Master. (ECF Nos. 327, 328). The underlying dispute is a wage-and-hour case pursuant to the Fair Labor Standards Act ("FLSA") on behalf of two groups of workers at the Columbus-area strip club called Sirens that has been pending for over five years. For the reasons that follow, this Court **APPOINTS** John C. Camillus as the Special Master and **ORDERS** a docket entry reflecting this appointment.

### II.  BACKGROUND

On July 31, 2020, this Court granted final approval to the Bartenders' portion of the settlement. (ECF No. 303). This obligated Defendants to pay the Bartenders by August 14, 2020. After Defendants failed to do so, Plaintiff proceeded with the default and enforcement procedure under the Agreement. (*Id.*). The enforcement procedure includes an option for the Court to appoint

a Special Master to oversee Defendants' finances and ensure, to the extent possible, payment of the settlement. On September 29, 2020, Plaintiffs filed a Motion to Enforce Settlement Agreement, which this Court granted. (ECF Nos. 315, 323).

Pursuant to the order, counsel for the settling Plaintiff class and counsel for the settling Defendants conferred by telephone regarding their respective candidates for Special Master, without reaching agreement on a candidate or list of candidates to propose jointly. Defendants submitted the names of three attorneys as its proposed list of candidates for Special Master, i.e., Karl Schneider of McNees Wallace & Nurick LLC, Justin Ristau of Bricker & Eckler, and Steven Miller of Crabbe, Brown & James. (ECF No. 327). The settling plaintiff class submitted the names of two attorneys as its proposed list of candidates for Special Master, i.e., Alycia Broz of Vorys, Sater, Seymour and Pease, and John Camillus of the Law Offices of John C. Camillus. (ECF No. 328).

## III.    LAW & ANALYSIS

The purpose of a special master is "to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *La Buy v. Howes Leather Co.*, 352 U.S. 249 (1957). Rule 53 (a)(1)(A) allows courts to appoint a Special Matter to "perform duties consented to by the parties."

Here, the parties consented to the appointment of a Special Master upon the happening of certain contractual breaches, such as missed payments. This case has been pending since 2015. It has involved extensive discovery and motions, culminating in the June 2020 Settlement Agreement and the Motion to Enforce the Settlement Agreement. (ECF Nos. 278, 315). This record reveals the parties' difficulty to efficiently execute the Settlement Agreement absent intervention, which further indicates the propriety of appointing a Special Master.

This Court now turns to review the proposed parties' nominees. Defendants submitted the names of three attorneys as its proposed list of candidates for Special Master, i.e., Karl Schneider of McNees Wallace & Nurick LLC, Justin Ristau of Bricker & Eckler, and Steven Miller of Crabbe, Brown & James. (ECF No. 327). The settling plaintiff class submitted the names of two attorneys as its proposed list of candidates for Special Master, i.e., Alycia Broz of Vorys, Sater, Seymour and Pease, and John Camillus of the Law Offices of John C. Camillus. (ECF No. 328). All five of the nominees are qualified candidates and hold relevant qualifications.

The role of Special Master in this instance is likely to entail performing numerous functions, calling for the skills of an attorney with extensive litigation experience, including retaining consulting experts to investigate and trace defendants' revenue, assets, and expenditures; making factual determinations and credibility judgments based on the evidence uncovered and any testimony adduced; applying the law to the facts found; reporting progress and findings to the Court; and making full use of the processes of the Court and of the legal authority granted by the Court to secure defendants' compliance with their obligations under the Settlement. (*See* ECF Nos. 327, 328).

Consonant with this Court's legal authority and the parties' broad consent, this Court finds it appropriate to appoint a Special Master and **APPOINTS** Mr. Camillus to serve as Special Master and notes his breadth of experience in litigating and arbitrating civil matters. The scope of the appointment will be consistent with the Settlement Terms, namely, "The Special master will have wide discretion to oversee Defendants Sirens, Francis Sharrak and/or Michael Sharrak's income and assets to ensure the required payments are met." (ECF No. 315 at 6–7). *See Reed v. Cleveland Bd. Of Educ.*, 607 F.2d 737, 746 (6th Cir. 1979) (explaining the district court's authority

to appoint "expert advisors or consultants" derives from either Rule 53 or the inherent power of the court).

As set forth in the Settlement Agreement, Defendants will be responsible for the costs associated with the Special Master, to be paid separately and in addition to the Settlement Fund. (ECF No. 315 at 6).

## IV. CONCLUSION

For the reasons set forth above, this Court **APPOINTS** John C. Camillus as the Special Master and **ORDERS** a docket entry reflecting this appointment.

**IT IS SO ORDERED.**

           **s/ Algenon L. Marbley**
        **ALGENON L. MARBLEY**
        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 20, 2021**