## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JESSICA HOGAN,** *et al.***,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:15-cv-2883** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **CLEVELAND AVE RESTAURANT, INC.** | : | **Magistrate Judge Elizabeth P. Deavers** |
| **d/b/a SIRENS,** *et al.***,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (ECF No. 370). Plaintiffs therein seek this Court's entry of default judgment with respect to Defendants Centerfold, Brenda Bonzo, Ray Allgood, Top Hat, Tim Bobb, and Jimmy Lee. Only Defendants Top Hat, Tim Bobb, and Jimmy Lee (the "Responding Defendants") responded to Plaintiffs' Motion. For the reasons set forth herein, Plaintiffs' Motion is **DENIED**.

## I.     STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. When a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55. The now defaulting party is considered to have admitted all the well-pleaded allegations relating to liability, but not to damages. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-CV-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09–CV–0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug.23, 2010)).

An entry of default does not automatically entitle the plaintiff to a default judgment. *See F.C. Franchising Sys., Inc. v. Schweizer*, No. 1:11-CV-740, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012). The party who sought the default must show the court that, "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe v. Amazon.com.dedc, LLC*, No. 1:17-CV-749, 2019 WL 3082329, *1 (S.D. Ohio July 15, 2019) (quoting *Said v. SBS Elecs., Inc.*, No. 1:08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010)).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to take into account the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). If the Court finds default judgment proper, it may conduct a hearing to determine the proper amount of damages. Fed. R. Civ. P. 55(b)(2). The Court is not, however, required to do so. *See id.* ("The court may conduct hearings . . . [to] determine the amount of damages.").

The Sixth Circuit has held that an answer or other opposition to a Motion for Entry of Default Judgment may be treated as a Motion to Set Aside Entry of Default. *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983). Rule 55(c) provides that "the Court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c); see also *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) ("when a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard."). The three factors traditionally considered by courts in determining whether good cause exists are whether: (1) the

default was willful; (2) a set-aside would prejudice plaintiff; and (3) the alleged defense was meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co.*, 705 F.2d at 844). Trials on the merits are preferred, and any doubts as to the "propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Amari v. Spillan*, No. 2:08–CV–829, 2009 WL 5216042, at *3 (S.D.Ohio Dec.29, 2009).

## II. LAW AND ANALYSIS

### A. Service was Improper as to the Responding Defendants

Before considering Plaintiffs' request, this Court addresses the issue raised by Responding Defendants that they were not served properly. Although the Responding Defendants note that Plaintiffs utilized certified mail and a process server, they contend that Plaintiffs failed to effect proper service.

Namely, Defendants raise the following issues: (1) Plaintiffs' purported Proof of Service indicates that a copy of the summons and complaint were served upon Tim Bobb, but no one associated with Top Hat has that legal name; (2) Plaintiffs' purported Proof of Service indicates that a copy of the summons and complaint were served upon Foursome Entertainment, but the corporate entity for Top Hat is actually Threesome Entertainment, Inc.; (3) Plaintiffs failed to produce a "green card, or any document or evidence" that anyone signed for receipt of the documents served purportedly via certified mail; and (4) even if Plaintiffs' process server effected otherwise valid service upon Defendants, she did so in an untimely manner.

Local Rule 4.2 provides that, in the absence of waiver, "the Court prefers parties to use the methods of service provided in Fed. R. Civ. P. 4 before using certified mail service under Ohio

law." S.D. Ohio Civ. R. 4.2. Nonetheless, parties electing to use certified mail service recognized

by the Ohio law must do the following:

> [A]ffix to the back of the envelope the domestic return receipt card, PS Form 3811
> (the "green card") showing the name of sender as "Clerk, United States District
> Court, Southern District of Ohio" at the appropriate address, with the certified mail
> number affixed to the front of the envelope and the case number shown in a
> conspicuous location on the return receipt card. The instructions to the delivering
> postal employee shall require the employee to show to whom delivered, date of
> delivery, and address where delivered.

S.D. Ohio Civ. R. 4.2(a).

> Federal Rule of Civil Procedure 4(m) provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court . .
> . must dismiss an action without prejudice against a defendant or order that service
> within a specified time. But if the plaintiff shows good cause for the failure, the
> court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

This Court finds that service was improper. While this Court has noted that the USPS

protocol during the relevant time was for the postal carried to sign the "green card" upon delivery

rather than the customer, Plaintiffs submit no evidence of *any* green card with respect to the

Responding Defendants. *See* ECF 307 at 6 n.1 (noting that "[t]he Court is aware that during the

COVID-19 pandemic, the United States Postal Service has initiated a protocol in which the postal

carrier signs the 'green card' upon delivery of the certified mail rather than making personal

contact with the customer for her or his signature."). Although General Order 20-39 eased the

requirements for evidencing service of process given the COVID-19 pandemic, this Court still

required that, at a minimum, delivery of certified mail by the USPS be reflected by notations of

"COVID-19" or the like consistent with USPS protocol.

This Court notes, after all, that Plaintiffs submitted green cards for summonses sent to other

Defendants around the time that summonses were issued as to the Responding Defendants. (*See*

ECF Nos. 324, 325, 326). Plaintiffs also submitted green cards which were executed but not effectuated due to COVID-19 concerning other Defendants; one of those green cards even contain the postal worker's signature. (ECF No. 304). Given Plaintiffs' failure to produce evidence conclusively demonstrating that service was effectuated via certified mail, this Court considers whether service was properly effectuated via process server.

The record indicates that the process server rendered service on September 18, 2020, even though Plaintiffs filed their Second Amended Complaint on May 14, 2020. (ECF Nos. 271, 385-2). As such, this Court finds that process was untimely. Nonetheless, Plaintiffs adequately demonstrate that good cause existed for the failure.

Plaintiffs dispatched the process server *after* mailing the summonses and complaint to the address listed for Top Hat. The record contains deposition testimony from Defendant Mark Potts, the owner of Top Hat. (ECF No. 374-1). In this deposition, Potts confirmed that Tim Bobb is the nickname for Timothy Young, one of the two managers for Top Hat. (ECF No. 385-1 at 9:6–9:14, 10:2–10:12). Potts confirmed that Bobb, along with the other manager, "run[s] the day-to-day operations of the bar." (*Id*.). Process server Tina Schroeder produced an affidavit representing that a Top Hat employee identifying himself as "Tim Bobb" and the "General Manager" of the club reviewed the summonses and complaint and informed her that he was authorized to accept service for all the entities and individuals listed therein. (ECF No. 385-2).

The record contains evidence that Plaintiffs earnestly attempted to effectuate service. This Court also notes that Plaintiffs' delays in service are likely at least partially due to confusion concerning Top Hat and Tim Bobb. This confusion is justifiable, if not encouraged actively by Defendants. Even Top Hat's designated Rule 30(b)(6) representative Greg Flaig referred to Young as "Tim Bobb" and Top Hat's owner as "Foursome Entertainment." (*See* ECF No. 385-1 at 9:1–

9:6, 10:10–10:15, 12:24–13:6). Considering that Plaintiffs demonstrate good cause, this Court **ORDERS** Plaintiffs to effect service as to the Responding Defendants within sixty (60) days of this Order. Because the Responding Defendants were not served properly, moreover, this Court sets aside the entry of default. Fed.R.Civ.P. 55(c) (providing that, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."). As such, this Court **DENIES** Plaintiffs' Motion for Default Judgment as concern them.

### B. Plaintiffs' Relief Sought is Improper as to the Non-Responding Defendants

Regarding Defendants Centerfold, Brenda Bonzo, and Ray Allgood (the "Non-Responding Defendants"), no issue relating to service has been raised. This Court thus considers Plaintiffs' Motion for Default Judgment with respect to the Non-Responding Defendants.

In their Motion, Plaintiffs request that this Court enter a preliminary injunction against the Non-Responding Defendants pending the outcome of the present litigation. Specifically, Plaintiffs ask this Court to bar the Non-Responding Defendants from paying dancers using the compensation practices at issue in this case and from retaliating against dancers involving in this lawsuit. Plaintiffs also therein ask this Court to order the Non-Responding Defendants to produce a litany of employment agreements, timesheets, and similar documents for all dancers who worked at Top Hat or Centerfold from May 20, 2014, to the present.

Courts consider four elements when ruling on a motion for a preliminary injunction: (1) (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 763 (6th Cir. 2019).

When a party seeks default judgment against only some of the defendants in a case involving other, non-defaulting defendants, "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Charnock v. Anderson*, No. 2:14-CV-472, 2015 WL 12683414, at *1 (S.D. Ohio July 1, 2015) (quoting *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir. 1988)).

Given the pendency of the claims with respect to the other Defendants in this case, this Court prefers to resolve motions for default judgment at the conclusion of the case absent compelling circumstances. Given the nature of the relief Plaintiffs seek, however, this Court nonetheless finds that Plaintiffs' Motion is due dismissal on the merits. Plaintiffs' arguments concerning their entitlement to a preliminary injunction are of a limited nature. For example, Plaintiffs make the astonishing and ill-supported argument that the "limited and wholly temporary" nature of the requested injunction would cause no harm to the Non-Responding Defendants. Plaintiffs reach this argument despite the apparent burden that would result to the Non-Responding Defendants from being ordered to discontinue their employment scheme or to produce complete and unredacted copies of all documents recording the following:

> [F]rom May 20, 2014 to the present, the dates and hours when these dancers performed, the work performed by these dancers on such dates, the amounts paid by these dancers on such dates, and the respective amounts received by Top Hat or Centerfold and by these dancers on such dates[.]

(ECF No. 370 at 2).

Plaintiffs' most glaring oversight is their failure to demonstrate the presence of irreparable harm. On this point, Plaintiffs argue the following:

> The dancers on whose behalf plaintiffs have brought this action will suffer irreparable injury if the preliminary injunctive relief is not granted, particularly

> since not only have these defaulting defendants denied dancers their rightful wages
> and exacted from them charges for the privilege of working at their clubs but these
> defaulting defendants also consciously have avoided maintaining, and indeed have
> regularly destroyed, the Lease Agreements signed by the dancers at their clubs and
> the documents on which were recorded the identities of the dancers who performed
> at their clubs, the dates and hours when these dancers performed, the work
> performed by these dancers on such dates, the amounts paid by these dancers on
> such dates, and the respective amounts received by the clubs and by these dancers
> on such dates.

(*Id.* at 19).

There are two important flaws with Plaintiffs' argument on this element. First, Plaintiffs' argument justifies a preliminary injunction with respect to *past* alleged behavior, failing to argue that Plaintiffs would suffer any *future* harm. As this Court has noted, however, "it is well settled that a preliminary injunction cannot be issued based on past harm." *Armstead v. Baldwin*, No. 2:19-CV-4857, 2020 WL 204252, at *6 (S.D. Ohio Jan. 14, 2020), *report and recommendation adopted*, No. 2:19-CV-4857, 2020 WL 613934 (S.D. Ohio Feb. 10, 2020) (Marbley, J.) (quoting *Carter v. Mich. Dep't of Corr.*, No. 12-CV-12621, 2013 WL 5291567, at *6 (E.D. Mich. Sept. 19, 2013). This is because "[t]he purpose of a preliminary injunction is to prevent future irreparable harm." *Id.*

Second, this Court is not convinced, based on Plaintiffs' limited arguments, that the injury resulting from the denial of injunctive relief would be one that could not be compensated by monetary damages. An alleged injury that would be fully compensable by monetary damages is not "irreparable." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). Plaintiffs' request thus fails for this additional reason. As such, Plaintiffs' Motion is **DENIED** with respect to the Non-Responding Defendants.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment (ECF No. 370) is **DENIED**. Because Defendants Top Hat, Tim Bobb, and Jimmy Lee were not properly served, the

Clerk is directed to **VACATE** the **ENTRY OF DEFAULT** as to those parties. This Court further **ORDERS** Plaintiffs to effect service as to Defendants Top Hat, Tim Bobb, and Jimmy Lee within sixty (60) days of this Order.

      **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 28, 2023**