IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JESSICA HOGAN,** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 2:15-cv-2883 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| **CLEVELAND AVE RESTAURANT, INC.** : | Magistrate Judge Elizabeth P. Deavers |
| d/b/a **SIRENS,** *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Objections (ECF No. 412) to the Magistrate Judge's March 20, 2023 Order (ECF No. 411) denying part of Plaintiffs' underlying Motion to Compel (ECF No. 371). For the reasons set forth herein, Plaintiffs' Objections are **SUSTAINED IN PART AND OVERRULED IN PART**. (ECF No. 412). Accordingly, the Magistrate Judge's Order is **AFFIRMED IN PART AND REVERSED IN PART**. (ECF No. 411).

I. BACKGROUND

On June 13, 2022, Plaintiffs filed a Motion to Compel, in part asking the Court to order Defendants to produce the following: (i) complete and unredacted copies of all signed Lease Agreements that were executed by any dancer who performed at Cheeks, Private Dancer, Fantasyland West, and House of Babes from May 20, 2014 to the present; and (ii) complete and unredacted copies of "end-of-night sheets," defined as "sheets, slips, or other documents on which were recorded the identities of the dancers who performed at these clubs from May 20, 2014 to the present, and other related information." (ECF No. 371 at 18–19).

In her March 20, 2023 Order (the "Denial Order"), the Magistrate Judge noted that Defendants already offered to produce the subject documents, so long as the following personally

1

identifiable information ("PII") was omitted: "names, addresses, phone numbers, social security numbers, imaged driver's licenses, I9 immigration documents, and any other information allowing identification, location, contact, and solicitation of the individuals who have worked at Defendants' clubs." (ECF No. 411 at 7). Plaintiffs were not satisfied, however, by this offer. Instead, Plaintiffs insisted that the inclusion of the PII was necessary because it would allow them to communicate with dancers and other personnel who could help unearth more information about Defendants' employment practices. The Denial Order summarized the dispute aptly in the following passage:

> As a preliminary matter, the Court cannot ignore the fact that this case has been pending for nearly seven-and-a-half years. Yet it is against this background that Plaintiffs now seek to use discovery to communicate with potentially hundreds of individuals "whom plaintiffs seek to represent," notwithstanding that they have had the past several years to identify such individuals . . . In making this request, Plaintiffs do not challenge Defendants' representation that preserving the PII "is essential to [the individuals'] jobs, economic security, professional autonomy, and personal lives." Instead, Plaintiffs merely argue that they are entitled to unfettered access to the PII because they believe Defendants failed to timely object to their request and because they believe Defendants' belated document production remains incomplete.

(*Id*. at 8).

The Denial Order denied Plaintiffs' attempt to compel the production of the requested documents with the PII included "given the clear prejudice to Defendants (and potentially hundreds of non-parties), the facial impropriety of Plaintiffs' requests, and the sheer inadequacy of Plaintiff's Motion to Compel." (*Id*. at 9). Namely, the Magistrate Judge found that Plaintiffs failed to provide any legal support for the propriety of their document requests or to explain why they were entitled to the PII given the privacy issues at issue given the nature of the employees' professions. (*Id*. at 11–13). Plaintiffs, the Magistrate Judge concluded, were looking merely to use the PII to identify additional clients. (*Id*. at 11). Having found that Plaintiffs already possessed all the non-PII

2

information from the requested documents, the Magistrate Judge denied this portion of Plaintiffs' Motion. (*Id*. at 14).

On April 3, 2023, Plaintiffs filed their Objections to the Denial Order. (ECF No. 412). Responses in opposition to Plaintiffs' Objections were filed by two sets of Defendants. The first set was filed by Defendants Cheeks, Fantasyland West, and House of Babes. (ECF No. 418). The second set was filed by Defendants LL Entertainment, LLC d/b/a Private Dancer and John Mathews. Because the second set of responses merely repeats the arguments made in the first set, this Court considers both responses together.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), district judges reviewing magistrate judges' orders on non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Indeed, "the clearly erroneous standard applies to factual findings by the magistrate judge" in light of the considerable deference that Rule 72(a) provides to the determinations of magistrates. Fed.R.Civ.P. 72(a); *Hunter v. Booz Allen Hamilton, Inc.*, No. 2:19-CV-411, 2021 WL 2410378, at *2 (S.D. Ohio June 14, 2021) (Marbley, J.) (internal quotation marks omitted). A magistrate judge's factual finding is "clearly erroneous" only when, after reviewing the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A court will overturn a magistrate judge's legal conclusions only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992) *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks and citation omitted). A motion to compel discovery is a non-dispositive motion and is therefore subject to the

clearly erroneous and contrary to law standard. 28 U.S.C. § 636(b)(1)(A); *Alomari v. Ohio Dep't of Pub. Safety*, No. 2:11-CV-00613, 2014 WL 12651191, at *2 (S.D. Ohio June 19, 2014) (Marbley, J.).

### III. LAW AND ANALYSIS

Plaintiffs object to the Denial Order on two bases: (1) that the Denial Order disregarded Plaintiffs' legitimate reasons for seeking the PII contained in the requested documents, preventing Plaintiffs from being able to identify potential witnesses and obtain necessary discovery; and (2) that the Magistrate Judge failed to require the production of even the redacted documents because of her mistaken belief that Defendants had already given them to Plaintiffs.

Plaintiffs first object to the Denial Order insofar as it denied Plaintiffs' attempt to compel the production of the unredacted versions of the subject documents. Much of Plaintiffs' objection on this point complains that the Magistrate Judge echoed Defendants' suspicion that Plaintiffs desired the PII for the purpose of using Defendants' labor to help Plaintiffs identify new clients. Plaintiffs argue that the PII is relevant and necessary to enable them to identify witnesses with knowledge of Defendants' employment practices. According to Plaintiffs, the Denial Order merely serves to further Defendants' scheme of "wall[ing] off dancers and others *as witnesses* from plaintiffs' counsel." (ECF No. 412 at 9) (emphasis in original). Plaintiffs characterize the Denial Order as restricting them from contacting witnesses and argue that "[s]uch a broad ban on contacts with percipient witnesses" is at odds with the purpose of the Fair Labor Standards Act ("FLSA") and this Court's precedent. Plaintiffs contend that the Denial Order failed to make specific findings showing that the need to limit Plaintiffs' communications with potential witnesses was outweighed by "the potential inference with the rights of parties." (*Id*. at 11). Denying Plaintiffs access to the contact information of the potential witnesses, Plaintiffs contend, prevents them from obtaining the

4

discoverable evidence to which they are entitled. This is especially prejudicial in this case, Plaintiffs argue, because Defendants have kept their employment practices secret and have destroyed evidence critical to Plaintiffs' case. Plaintiffs also object to the Magistrate Judge's refusal to compel Defendants' production of even the redacted versions of the requested documents because Plaintiffs already had them. Instead, Plaintiffs argue, Defendants have not yet provided the redacted documents. Even if the requested documents must be redacted, the Denial Order should have required Defendants to produce the requested documents by replacing the PII with pseudonym numbers.

Defendants respond that Plaintiffs' first objection can be summarized as a complaint that the Magistrate Judge believed that Plaintiffs were merely seeking the PII for the purpose of identifying potential clients. Defendants argue that the objection contains no argument that the Denial Order was clearly erroneous or contrary to law. Defendants contest Plaintiffs' claims that they need the PII to identify witnesses given that Plaintiffs did not respond to the proposed protection order that Defendants sent them over a year prior. The Denial Order, Defendants maintain, balanced explicitly Plaintiffs' need for usable discovery with the significant personal privacy interests of the individuals whose information is contained in the requested documents. With respect to Plaintiffs' second objection, Defendants agree that the Magistrate Judge erred in stating that Defendants already provided the redacted documents to Plaintiffs. Defendants nonetheless note their willingness to produce redacted versions of the requested documents in the manner requested by Plaintiffs in their objections if the Court finds it appropriate.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Plaintiffs produce scant argument addressing why or how the Magistrate Judge's denial of their request to compel Defendants to produce the unredacted documents is clearly erroneous or contrary to law. Instead, Plaintiffs' first objection re-argues the merits of their underlying Motion to Compel: that the requested PII is relevant and should therefore be compelled. In support of their objection, Plaintiffs cite several cases which are either irrelevant, inapposite, or used for a general legal proposition of limited utility to their argument. For example, in *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), which concerned an action brought under the Age Discrimination in Employment Act ("ADEA"), the Supreme Court concluded that the district court correctly permitted discovery of the names and addresses of discharged employees *because the discovery was relevant to the action and there were no grounds to limit the discovery under the facts of the case*. In another instance, Plaintiffs cite to *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), a case in which the Supreme Court overturned a district court's order that, absent any factual or legal justification, restricted the parties' communications with potential class members in a Rule 23 action. Although Plaintiffs also cite to instances in which various courts provided the plaintiffs with access to contact information for potential collective action members, those cases fail to show that the Magistrate Judge was incorrect to determine that Plaintiffs were not entitled to the PII in *this case*.

Plaintiffs also mischaracterize the Denial Order as restricting them from communicating with potential witnesses and collective members. The Denial Order does not do so. The Denial

Order does not even prevent Plaintiffs from gaining access to the PII through negotiation with Defendants. Instead, the Denial Order merely denies Plaintiffs' attempts to *compel* that information from Defendants. The Denial Order appropriately balanced Plaintiffs' supposed need for the PII against the privacy interests of the individuals whose PII was at stake. Ultimately, the Denial Order concluded that the privacy interests of those individuals outweighed Plaintiffs' interests in the information. Plaintiffs do not deny that the Magistrate Judge balanced these competing interests as necessary; they argue merely that she balanced these interests incorrectly. This is insufficient to show that the Denial Order was clearly erroneous or contrary to law. *See Hodak v. Madison Capital Mgmt., LLC*, No. 5:07-5-JMH, 2008 WL 2945920, at *2 (E.D. Ky. July 28, 2008) (explaining that, "[i]f there are two plausible views of the matter, then a decision cannot be 'clearly erroneous.'"). As such, Plaintiffs' Objections are **OVERRULED** on this basis.

The Denial Order did err, however, in its conclusion that Plaintiffs had already received the redacted versions of the requested documents. The Magistrate Judge relied upon this erroneous finding in denying Defendants' Motion for a Protective Order and as an additional basis for denying this portion of Plaintiffs' Motion to Compel. Plaintiffs' Objections are thus **SUSTAINED** on that limited basis.

This Court thus **ORDERS** Defendants to provide Plaintiffs with the redacted versions of the following documents: (i) copies of all Lease Agreements that were executed by any dancer who performed at Cheeks, Private Dancer, Fantasyland West, and House of Babes from May 20, 2014, to the present; and (ii) copies of all "end-of-night sheets," defined as "sheets, slips, or other documents on which were recorded the identities of the dancers who performed at these clubs from May 20, 2014 to the present, and other related information." (ECF No. 411 at 1–2). The redacted documents shall replace each individual's PII with pseudonym numbers.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Objections are **SUSTAINED IN PART AND OVERRULED IN PART**. (ECF No. 412). Accordingly, the Magistrate Judge's March 20, 2023 Order is **AFFIRMED IN PART AND REVERSED IN PART.** (ECF No. 411). Specifically, the Denial Order is affirmed in its partial denial of Plaintiffs' Motion on the basis that Plaintiffs were not entitled to the unredacted discovery. The Denial Order is reversed, however, concerning its additional justification that Plaintiffs already had the redacted versions of the documents in their possession. This Court thus **ORDERS** Defendants to provide to Plaintiffs the redacted versions of the documents requested in Plaintiffs' Motion to Compel in a manner consistent with this Order within thirty (30) days of this Order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 2, 2023**