IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

Jessica Hogan, *et al.*,

    *On behalf of herself and those similarly situated,*

        Plaintiffs,

    v.

Cleveland Ave Restaurant, Inc. (d/b/a Sirens), *et al.*,

        Defendants.

Case No. 2:15-cv-2883

Chief Judge Marbley

Magistrate Judge Deavers

---

**PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT
AND TO RE-ENGAGE THE SERVICES OF THE SPECIAL MASTER**

---

The Settlement Agreement between plaintiffs and the Sirens defendants and the Court's subsequent orders enforcing that agreement (ECF 323 and 363) require defendants to make $8,000.00 installment payments to the Entertainer Claims Administrator on the 21st day of each month. Since their last $8,000.00 payment on December 23, 2022, the Sirens defendants have failed to fulfill their payment obligations, falling behind nine—about to be ten—monthly payments. The Settlement Agreement provides for an enforcement procedure in such a situation: appointment of a special

1

master with broad powers as a way of ameliorating the "difficulty to efficiently execute the Settlement Agreement absent intervention." ECF 363 at 2. The Court previously intervened and invoked this enforcement procedure by issuing its March 2022 order appointing Special Master John Camillus and empowering him to make "full use of the processes of the Court and of the legal authority granted by the Court to secure defendants' compliance with their obligations under the Settlement." *See* ECF 363 at 3, citing ECF 327 and 328. Plaintiffs respectfully ask the Court to invoke this enforcement procedure once again by re-engaging the services of Special Master John Camillus or, if he is no longer available, by appointing plaintiffs' other proposed candidate, Alycia Broz, Esq. to replace him. Further, plaintiffs respectfully ask that the Court enter an award of attorney fees against defendants, which would be payable to Class Counsel only after defendants have paid all other settlement money owed to the Entertainer Class. The grounds for this Motion are set forth below in the Memorandum in Support.

---

## MEMORANDUM IN SUPPORT

---

After lengthy litigation, the parties resolved the claims against the Sirens defendants in this lawsuit through a Settlement Agreement that requires these defendants to make monthly installment payments to the Entertainer Class members by transferring $8,000.00 every month to the escrow account of Entertainer Claims

Administrator CAC Services Group, LLC ("CAC"). At the fairness hearings conducted by the Court regarding the Settlement Agreement, the settling defendants never hinted that they would be unable to make the payments that it demands. As it turned out, even though defendants urged the Court to approve the Settlement, including the mandatory payments provision, defendants failed to make even the first payment due under the Settlement Agreement. This was just the first of a string of defaults by defendants.

The Settlement Agreement specifies clearly what happens if defendants fail to pay: at the request of Class Counsel, the Court can appoint a Special Master to ensure that defendants fulfill their payment obligations under the Settlement. ECF 315, Settlement Agreement, § 10(B). Upon a previous failure by defendants to make the required payments, the Court appointed John Camillus, Esq. to serve as Special Master pursuant to the Agreement's terms.

In relevant part, this lawsuit originally was initiated against a Columbus-area strip club called "Sirens." Plaintiff Jessica Hogan worked at the club as a bartender and dancer, while plaintiff DeJha Valentine worked there solely as a dancer. Together, plaintiffs asserted various wage and hour claims against the club, its owners, and its managers. *See* ECF 230, PAGEID 1961–62. This suit was prolonged and impeded by the Sirens defendants withholding and destroying documents.[1] To resolve the case, the parties

---

[1] *See, e.g.*, Order, ECF 50 (compelling Defendants to produce records and pay Plaintiff's reasonable attorney's fees); Show Cause Order, ECF 67; Plaintiffs' Motion to Enforce Previously-Awarded Sanctions, ECF 75; Opinion & Order, ECF 124 (setting a hearing for

attended three mediations with Magistrate Judge Kimberly Jolson—at the end of 2017, during the summer of 2018, and in February 2019.

A significant factor in crafting a settlement was the Sirens defendants' claimed inability to pay a lump-sum settlement or a judgment. As a result, plaintiffs employed a third-party forensic accountant to both examine defendants' financial records and observe their business operations onsite. *See, e.g.*, ECF 223, PAGEID 1879.  At the February 2019 mediation, the parties reached a settlement in principle, which was then memorialized in an MOU signed at the close of the mediation, after which they turned to drafting and finalizing the full Settlement Agreement. The parties agreed to a total settlement of $600,000.00.  Faced with defendants' claimed financial difficulties, however, plaintiffs agreed to allow them to make installment payments over a lengthy period of time. With respect to the portion of the Settlement in favor of the Entertainer Class Members, defendants are required to make $8,000.00 monthly installment payments to the Entertainer Class by depositing that amount each month in CAC's escrow account. Plaintiffs reluctantly agreed to this payment schedule as the only way the settling defendants claimed they could pay.

The Sirens defendants have never consistently lived up to their payment obligations under the Settlement Agreement.  More often than not, they simply have

---

defendants to "show cause as to why they should not be further sanctioned or held in contempt"); Opinion & Order, ECF 165 (holding Sirens in civil contempt and imposing additional sanctions).

failed to make their $8,000.00 installment payments. In response to plaintiffs' previous motion to invoke the Settlement's enforcement procedure, the Court appointed Special Master Camillus at defendants' cost, as provided for in the Settlement Agreement. ECF 351, pp. 3-4. In making this appointment, the Court stated, "The scope of the appointment will be consistent with the Settlement Terms, namely, 'The Special master will have wide discretion to oversee Defendants Sirens, Francis Sharrak and/or Michael Sharrak's income and assets to ensure the required payments are met.'" *Id.* at 3, quoting ECF 315.

The appointment of Special Master Camillus and the added costs it entailed for the recalcitrant defendants apparently persuaded them to commit to catching up on their payment obligations. With the cooperation of defendants' new counsel, Joshua Nolan, Esq., Class Counsel were able to negotiate a "Consent Judgment Entry Resolving Plaintiff's Motion to Enforce Settlement Agreement," which the Court approved on March 31, 2022. ECF 363. This order left no doubt about the Sirens defendants' payment obligations going forward: ***"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants shall pay to the Entertainer Claims Administrator the sum of Eight Thousand Dollars ($8,000.00) into the Entertainer Claims Administrator's escrow account no later than the 21st day of each month (beginning April 21, 2022) until a total of Six Hundred Thousand Dollars ($600,000.00) (minus the One Hundred Seventy-Nine Thousand, Two Hundred Thirty-Six and 57/100 ($179,236.57) acknowledged herein) has been deposited ...."*** ECF 363 at 2-3 (emphasis added).

5

Rather than burden the Court with defendants' repeated failures to comply with this Consent Judgment Entry (ECF 363), plaintiffs have attempted to work through defendants' counsel, Mr. Nolan, who has always been cooperative and acted in good faith with Class Counsel. Twice we have been able to work out with Mr. Nolan seemingly achievable compromise arrangements — in December 2022 and again in June 2023 — by which defendants committed to catching up on their past-due installment payments. In both instances, however, defendants failed to fulfill their catch-up commitments.

On December 20, 2022, at a time when defendants were three payments (i.e., $24,000.00) in arrears, Class Counsel and Mr. Nolan entered into an agreement whereby Class Counsel promised not to file a motion regarding these defaults on the condition that defendants (1) made an $8,000.00 payment no later than December 21, 2022 and a $16,000.00 dual payment no later than January 6, 2023, and (2) then resumed making their regular monthly payments starting with the $8,000.00 payment due on January 20, 2023. *See* Exhibit 1, p. 9 (describing this arrangement), and Exhibit 2, p. 1 (Mr. Nolan's confirmation of this arrangement). Defendants made the first payment of $8,000.00 on December 23, 2023, but they failed to make either the January 6 dual payment of $16,000.00 or the regular January 20 payment of $8,000.00, and they have continued ignoring their payment obligations every month since then. In other words, counting the two failed January 6 payments and the seven past-due monthly payments since then, the Sirens defendants are now ***nine payments in arrears, about to be ten***.

On June 26, 2023, Class Counsel agreed to defer filing a motion regarding defendants' defaults based on concrete commitments by defendants to catch up on past-due payments. That day, Class Counsel wrote this in an email, accepting an offer of compromise from Mr. Nolan:

> We will agree not to file any motion to re-involve the Special Master in exchange for (1) your clients agreeing to transfer and then actually transferring $42,000 to CAC on or before July 24, 2023 and $30,000 to CAC on or before August 14, 2023, and (2) agreeing to make and then actually making each other installment payment of $8,000 when due, beginning with the August 20 payment, WITHOUT BEING PROMPTED OR REMINDED BY CAC. Also, this should go without saying, but I will say it anyway: we as Class Counsel will expect a monthly report from CAC confirming that that month's payment was received from your clients and any future failure to pay CAC on time will trigger an immediate motion to re-involve the Special Master.

Exhibit 1, pp. 2-3. At Class Counsel's request, *id*. at 3, Mr. Nolan confirmed later the same day that "[m]y clients understand and agree to these terms." *Id*. at 2.

The agreed-upon due date for defendants' initial payment of $42,000.00 under the June 26 compromise, *i.e.*, July 24, came and went without any payment from defendants to CAC. Instead, Mr. Nolan offered the following information in an email on July 25:

> Paul, I spoke with my client today. They are awaiting an insurance settlement check that was supposed to arrive by 7/23, which they were planning to use to make that first $42,000 payment. My clients have been told that they should have the check any day now. If that falls through, they have been approved for a loan that is supposed to be funded by 8/8/23 and plan to make the additional $30,000 payment when they receive that funding. They can also use that money to bring this matter current if the insurance settlement check doesn't arrive. I understand that they are not in compliance, but they will be in compliance as soon as that check arrives.

> You obviously have the right to file a Motion to Show Cause if you would
> like, but I suspect it will be moot before my deadline to file a response.

Exhibit 1, p. 1. As of the date of this filing, CAC has received no funds from defendants pursuant to the parties' June 26 compromise.[2]

Class Counsel have great respect for Mr. Nolan and are appreciative of his efforts and the difficulty he faces, but we must respectfully disagree with one implicit premise underlying his July 25 email. On behalf of the members of the Entertainer Class, Class Counsel and the class representatives did not bargain for defendants to make $8,000.00 monthly installment payments if and when defendants' bar reopened, or if and when defendants' insurance settlement check arrived, or if and when defendants were approved for a loan. And defendants did not agree to make those monthly payments subject to those contingencies. Rather, defendants *unconditionally* committed to making those payments *every month*, and they have not even come close to fulfilling that unconditional commitment.

Nor, with all due respect to Mr. Nolan, can Class Counsel agree with the other implicit premise of his July 25 email, namely that, if defendants belatedly make their long-past-due payments, it would render this motion moot. The enforcement mechanism set forth in the Settlement Agreement reads as follows:

---

[2] To maintain the schedule of biannual distributions to the Entertainer Class called for under the Settlement Agreement, CAC advanced the funds needed for an on-time distribution and disbursed checks on July 1. This occurred after Class Counsel and Mr. Nolan reached the June 26 compromise, but before defendants failed to honor it.

A. If Defendants Sirens, Francis Sharrak and/or Michael Sharrak miss a payment outlined above (including the monthly escrow payments or the biannual class payments), any plaintiff, class member, or Class Counsel may notify Defendants of the breach. Defendants will have up to 30 days to cure the breach.

B. If any of the following occurs: (1) Defendants Sirens, Francis Sharrak and/or Michael Sharrak fail to cure a breach within 30 days, (2) Defendants Sirens, Francis Sharrak and/or Michael Sharrak are late in making payments in two consecutive months, or (3) Class Counsel has notified Defendants of a breach three times, and Defendants Sirens, Francis Sharrak and/or Michael Sharrak miss or are late making a fourth payment; then Class Counsel may request that the Court appoint a special master ("Special Master"), as described below.

For any one of the causes described above, Class Counsel may move the Court to appoint a Special Master to ensure Defendants Sirens, Francis Sharrak and/or Michael Sharrak make all of their required payments under this Agreement. The Special master will have wide discretion to oversee Defendants Sirens, Francis Sharrak and/or Michael Sharrak's income and assets to ensure the required payments are met. The Court may empower the Special Master with any authority that the Court deems fit to accomplish the goal of ensuring Defendants Sirens Francis Sharrak and/or Michael Sharrak make all required payments under this Agreement. The Parties may each suggest up to three candidates to serve as a Special Master, but the Court has discretion to pick any person that the Court deems fit to serve. Defendants will be responsible for the costs associated with the Special Master, to be paid separately and in addition to the Settlement Fund.

ECF 315, p. 10. The "causes" for which the Court may empower Special Master Camillus to "oversee" the Sirens defendants' "income and assets to ensure the required payments are met" came about many months ago and have recurred over and over, and they should not be ignored, even if defendants decide belatedly to comply only to avoid incurring the expense of the Special Master. The purpose of vesting Special Master Camillus with

"wide discretion" over defendants "income and assets" is "to ensure the required payments are met"— meaning *all* "required payments," not merely the payments defendants have thus far consciously decided to skip. The prospect of timely payments by defendants in the future is obviously very uncertain. In the face of such uncertainty, plaintiffs should not be forced to choose between constantly needing to file repetitive default motions or being consigned to the whims of defendants who clearly prioritize other uses for money that rightfully belongs to the Entertainer Class. Even were it not for the plain, expansive language of the Settlement Agreement, the Court still would have broad power to enforce this settlement, particularly when confronted with defendants' repeated and habitual defaults. *See Rover Pipeline, LLC v. 5.46 Acres of Land, More or Less, in Belmont Cty., Ohio*, No. 2:17-cv-00105, 2018 WL 3772235, at *2 (S.D. Ohio Aug. 9, 2018).

Finally, due to defendants' repeated and habitual defaults, Class Counsel have had to take the extraordinary steps of negotiating two separate compromises with Mr. Nolan over the past seven months aimed at avoiding the Court's involvement and, now, reluctantly filing this Motion. By falling nine, soon to be ten, months behind on their installment payments, defendants not only are in violation of the Settlement Agreement, they also are in violation of a court order, namely the "Consent Judgment Entry Resolving Plaintiff's Motion to Enforce Settlement Agreement," which the Court approved on March 31, 2022. ECF 363. While re-engaging the services of Special Master Camillus on an ongoing basis would, we hope, address and prevent a recurrence of defendants'

multiple violations of the Settlement Agreement, defendants' violations of the Court's order should not be allowed to go unpunished. Therefore, plaintiffs respectfully ask that the Court also impose an attorney fee award against defendants and in favor of Class Counsel. To avoid giving defendants leverage to pit Class Counsel and the Entertainer Class Members, plaintiffs ask that this attorney fee award be payable by defendants to Class Counsel only after defendants have paid all other settlement money owed to the Entertainer Class.

## CONCLUSION

For the foregoing reasons, regardless of what defendants might do in response to this Motion, plaintiffs respectfully request (1) that the Court re-engage the services of Special Master Camillus, or engage the services of Alycia Broz, Esq. if he is no longer available, (2) that the Special Master be charged with closely monitoring the "income and assets" of defendants on an ongoing basis so as to ensure that defendants skip no future installment payments, and (3) that the Court impose an attorney fee award against defendants and in favor of Class Counsel.

Respectfully submitted,

/s/ Paul M. De Marco
Paul M. De Marco (0041153)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Fifth Floor
Cincinnati, Ohio 45202
Tel.: (513) 651-3700
pdemarco@msdlegal.com

11

/s/ Andrew R. Biller
Andrew R. Biller (0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Tel.: (614) 604-8759
abiller@billerkimble.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this motion was filed electronically on August 2, 2023, causing notice of this filing to be sent to all parties by operation of the Court's electronic filing system.

/s/ Paul M. De Marco