# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Jessica Hogan, *et al.*, *On behalf of herself and those similarly situated*, Plaintiffs, v. Cleveland Ave Restaurant, Inc. (d/b/a Sirens), *et al.*, Defendants. | Case No. 2:15-cv-2883 Chief Judge Marbley Magistrate Judge Deavers |

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND TO RE-ENGAGE THE SERVICES OF THE SPECIAL MASTER

In their response to Plaintiffs' Motion to Enforce the Settlement Agreement and to Re-Engage the Services of the Special Master, the settling defendants "reluctantly consent to the re-appointment of John Camillus as Special Master herein." Def. Resp., p. 3. Defendants ask the Court, however, to "delay the appointment of Mr. Camillus until at least September 20, 2023 to allow Defendants to bring their settlement payments current, and as such, render moot" plaintiffs' motion. *Id.* at 4.

1

Class Counsel acknowledge and are grateful for defense counsel's concession that Mr. Camillus should be re-engaged, but we object to defendants' request to delay his renewed appointment[1] and their suggestion that a belated payment by them at this point would "render moot" plaintiffs' motion.

As even defendants acknowledge in their response to plaintiffs' motion, Mr. Camillus has "tasks" to "complete" upon the renewal of his appointment. Def. Resp., p. 3 ("Because Mr. Camillus is already familiar with the case, Defendants believe that he would be able to complete his tasks herein in a more cost effective manner than any other potential Special Master."). Where the parties apparently differ is over which tasks Mr. Camillus should be assigned to carry out upon the renewal of his appointment. Even if defendants belatedly make a lump sum payment "to bring their settlement payments current," as hinted at in their response, such a payment would only eliminate defendants' existing arrearage.[2] It would not answer the crucial questions of why defendants continually have shirked their monthly payment obligations over the past two and one-half years and how to guarantee their future compliance with these obligations. Ensuring that defendants meet these obligations in the future, we respectfully submit, depends not

---

[1] While defendants in their response consent to the "re-appointment" of Mr. Camillus, it is unclear from the record that he was officially discharged from that position, so plaintiffs address it herein as the renewal of his Special Master appointment and the re-engagement of his services.

[2] As of the filing of this Reply, defendants remain in default.

2

on assurances from the repeatedly defaulting defendants but on Mr. Camillus determining why their past defaults repeatedly occurred over two and one-half years.

The repetitive and prolonged character of defendants' defaults is unmistakable and justifies not treating either plaintiffs' motion or Mr. Camillus's role as "moot" in the event defendants belatedly make a belated lump sum payment, as hinted at in their response. Under the terms of the settlement, defendants were required to begin making their $8,000.00 monthly installment payments 30 days after the "effective date" of the settlement. The effective date of the settlement was the date on which the Court granted final approval, May 17, 2021. Thus, the first $8,000.00 installment payment was due on June 17, 2021, and ensuing payments initially were due on the 17th day of every month thereafter. The settling defendants did not begin making their monthly payments on June 17, 2021, as required by the settlement, nor did they make any of the ensuing 10 monthly payments. Thus, they defaulted on their first 11 installment payments.

Following an order by this Court granting plaintiffs' initial motion to enforce the settlement, ECF No. 323, the Court entered another order appointing Mr. Camillus as Special Master, granting him, in accordance with the terms of the settlement, "'wide discretion to oversee Defendants Sirens, Francis Sharrak and/or Michael Sharrak's income and assets to ensure the required payments are met.'" ECF No. 351 at 3 (quoting settlement language). In the same order, the Court noted the likelihood of Mr. Camillus

"retaining consulting experts to investigate and trace defendants' revenue, assets, and expenditures …." *Id.*

Thereafter, Mr. Nolan became defendants' counsel, resulting in the parties jointly submitting the "Consent Judgment Entry Resolving Plaintiffs' Motion to Enforce Settlement Agreement," which the Court approved on March 31, 2022. ECF No. 363. The Consent Judgment Entry stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall pay to the Entertainer Claims Administrator the sum of Eight Thousand Dollars ($8,000.00) into the Entertainer Claims Administrator's escrow account on or before the 21st day of each month (beginning April 21, 2022) until a total of Six Hundred Thousand Dollars ($600,000.00) (minus the One Hundred Seventy-Nine Thousand, Two Hundred Thirty-Six and 57/100 Dollars ($179,236.57) acknowledged herein) has been deposited ….

ECF No. 363 at 2-3.

Defendants made their payments for April and May 2022 on time. But as the attached accounting from the Entertainer Claims Administrator shows (*see* Exhibit A), defendants skipped the June 2022 payment altogether; and while they made installment payments on time in July, August, and September 2022, they did so with the proviso that the Claims Administrator hold those checks for specified periods of time. Defendants have not made an on-time installment payment since September 2022. Exhibit A. Even when Class Counsel agreed to compromise payment schedules at the request of defense counsel, defendants did not make the promised payments on time or, in most instances, at all. *Id.*

All told, there have been 27 payment court-approved due dates for defendants over the two and one-half years since the effective date of the settlement. Defendants have made on-time payments on only five of those occasions (*i.e.*, April, May, July, August, and September of 2022), the last three with requests that their checks be held for specified periods.

On two occasions thereafter, in December 2022 and June 2023, Class Counsel alerted Mr. Nolan that his clients were far behind on their payments. On both of these occasions, Mr. Nolan was unaware of his clients' arrearages. Not only have defendants for two and one-half years failed to notify Class Counsel and this Court of their alleged inability to meet their monthly payment obligations on time, they also have kept their own lawyer in the dark about their arrearages.

The fact that Mr. Nolan's own clients did not see fit to inform him that they were falling behind on their payments undermines his ability to explain with first-hand knowledge why these defaults occurred and to assure the Court convincingly that they will not recur in the future. Therefore, plaintiffs respectfully submit that the tasks of (1) determining why defendants repeatedly have defaulted on their installment payments, and (2) taking the necessary steps to ensure that their defaults do not recur should be assigned to Mr. Camillus.

In sum, by dint of missing 22 out of 27 payment due dates since the Court approved the settlement, defendants have been far more often in default of their monthly

5

installment payment obligations than in compliance with them. This pattern suggests that over the past two and one-half years defendants have prioritized making other expenditures in lieu of fulfilling their monthly payment obligations under the settlement. Even if defendants belatedly make a lump sum payment to eliminate their current arrearage, as Mr. Nolan hints at in his response to plaintiffs' motion, plaintiffs respectfully request that Mr. Camillus, upon the renewal of his appointment, be instructed "to investigate and trace defendants' revenue, assets, and expenditures," ECF No. 351 at 3, for purposes of (1) determining why they have defaulted on 22 out of 27 payments when due, and (2) taking the measures necessary to ensure there are no further such defaults.

Respectfully submitted,

/s/ Paul M. De Marco
Paul M. De Marco (0041153)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Tel.: (513) 651-3700
pdemarco@msdlegal.com

/s/ Andrew R. Biller
Andrew R. Biller (0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Tel.: (614) 604-8759
abiller@billerkimble.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this motion was filed electronically on September 11, 2023, causing notice of this filing to be sent to all parties by operation of the Court's electronic filing system.

/s/ Paul M. De Marco