IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA HOGAN, | CASE NO: 2:15-CV-2883 |
| Plaintiff, | Judge Algenon L. Marbley |
| v. | |
| CLEVELAND AVE. RESTAURANT, et. al, | |
| Defendants. | |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO
COMPLY WITH ORDERS TO PRODUCE IN DOCS #423 AND #437**

On August 2, 2023, this Court issued an Order that Defendants produce to Plaintiff redacted: (i) copies of all Lease Agreements that were executed by any dancer who performed at Cheeks, Private Dancer, Fantasyland West, and House of Babes from May 20, 2014, to the present; and (ii) copies of all "end-of-night sheets," defined as "sheets, slips, or other documents on which were recorded the identities of the dancers who performed at these clubs from May 20, 2014 to the present, and other related information." (Doc. #423.) On September 6, 2023, this Court issued an Opinion on Certification and other matters that contained an Order for Defendants "to provide to Plaintiffs, within FOURTEEN (14) DAYS of this Opinion and Order, an electronic file containing the putative class members' legal first names, last-known e-mail addresses, and dates of employment since September 26, 2019." (Doc. #437.)

Defendants hereby request thirty (30) days to comply with these Orders. As Plaintiffs' counsel is aware, from depositions and correspondence, Cheeks is the only Defendant that acknowledged having the documents this Court ordered to be produced in Doc. #423. The redaction of the documents in hand was just completed. This is approximately 30 gigabytes of data, making exchange by email impossible. Undersigned counsel offered to provide this data through an online cloud service, but Plaintiff's counsel requested flash drives be sent instead. Copying to flash drives is underway as this motion is being typed. However, much time has gone by since the initial motions and memoranda, objection, and final decision in Doc. #423. The production obligation has only grown bigger during that time, and the clients are endeavoring to provide the updated information so it can be redacted. This new production could even be greater than that which is being mailed to Plaintiff's counsel today or tomorrow.

While compliance is underway with the redactions as called for by Doc. #423, the lists of names, email addresses, and dates of employment called for by Doc. #437 is being generated simultaneously. As more information is obtained, and redactions take place, the plan is to continuously generate the lists. However, it is not presently known how long this process could take, and undersigned counsel cannot give a firm timeline at present.

This process is a cost, burden, and all around time-burglary that could be easily eliminated with the agreement to a protective order. The Court may recall that defense counsel offered a protective order that would have eliminated this burden and cost, but

that was rejected by Plaintiff's counsel. After the Court's recent decisions, defense counsel offered it again, as it would seem to make sense. Plaintiff's counsel rejected it again. Undersigned counsel does not understand why Plaintiff's counsel does not agree to such, and it certainly is his prerogative not to agree.

These statements are not made to disparage opposing counsel, as it is felt that counsel work together in a professional and courteous while appropriately adversarial manner. However, for adherence to the redaction requirements and provision of electronic information to continue as such, more time is and will be needed. One solution to avoid repeated motion practice on this issue would be to hold bi-weekly status updates with the Magistrate Judge while the issue is ongoing.

The parties appeared to be effectively dealing with this issue informally, but it was Plaintiff's counsel that believed informal agreements to extensions would be inappropriate. Indeed, this Court could interpret such as a slight, or lack of respect for its Orders. The Court should rest assured that counsel is endeavoring to meet the obligations of this Court's Orders. Plaintiff's counsel may have been correct to get this issue before the Court, so a better resolution is achieved to deal with what appears to be a potentially ongoing issue.

Wherefore, Defendants request that this Honorable Court allow for an extension of thirty (30) days to meet the obligations of the recent Court Orders, or some other solution that may be more effective than motion practice.

                                            Respectfully submitted,

/s/Anthony R. Cicero
ANTHONY R. CICERO (0065408)
CiceroAdams, LLC
500 East Fifth Street
Dayton, Ohio 45402
Phone: (937) 424-5390
Fax: (937) 424-5393
tonycicero@gocicero.com
robgurry@gocicero.com
*Trial Attorney for Defendants:  Cheeks Defendants; Fantasyland West Defendants; House of Babes Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this Twentieth day of September, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties in this case.

/s/ Anthony Cicero
Anthony R. Cicero, Esq. (0065408)

4