IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jessica Hogan, *et al.*, <br><br> *On behalf of herself and those similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> Cleveland Ave Restaurant, Inc. (d/b/a Sirens), *et al.*, <br><br> Defendants. | Case No. 2:15-cv-2883 <br><br> Chief Judge Marbley <br><br> Magistrate Judge Deavers |

**PLAINTIFFS' RESPONSE TO "DEFENDANTS' MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDERS TO PRODUCE IN DOCS #423 AND #437"**

In its order dated August 2, 2023 (ECF No. 423), the Court ordered the Cheeks, Private Dancer, Fantasyland West, and House of Babes Defendants to produce in redacted form with pseudonym numbers each club's respective Lease Agreements and "end-of-night sheets" since May 20, 2014. *Id*. at 7. The Court stated that in her earlier order "the Magistrate Judge noted that Defendants already offered to produce the subject documents" with PII redacted. *Id*. at 1-2.

Subsequently, in its order dated September 6, 2014 (ECF No. 437), the Court ordered Defendants "to provide to Plaintiffs within **FOURTEEN (14) DAYS** of this Opinion and Order, an electronic file containing the putative class members' legal first names, last-known email addresses, and dates of employment since September 26, 2019." *Id*. at 27-28 (emphasis in original). The information in this electronic file is to be unredacted.

On the afternoon of the 14th day after the Court's September 6 order, the deadline for Defendants to provide this electronic file to Plaintiffs, Anthony Cicero, who is counsel of record for the Cheeks, House of Babes, Top Hat, and Fantasyland West Defendants, sent Plaintiffs' counsel an email, copying Bill Klausman, who is counsel of record for the Private Dancer Defendants. *See* Exhibit A. Mr. Cicero's email stated:

> I'm copying in Bill because he and I discussed filing objections to the 10/6 decision. I do not think we will, but we need additional time to comply with the Magistrate's Order. Are you OK with 21 days? I'm not sure that will be enough, but it's a good start. Bill needs time to look to see if he has email addresses, I need to do that with some of my clients, and also need time to put together complete lists for the clubs that have email addresses. I have a list done for Cheeks from the data I have, but it doesn't cover the entire time period….

Exhibit A, pp. 1-2. Mr. Cicero's email also stated:

> In regard to the Judge's Order from 8/2, I will give you what I have redacted from Cheeks, which is everything I previously told you about. I should know soon if they have more, but I do not know about the other clubs yet….

*Id*. at 2. Mr. Cicero then asked if Plaintiffs' counsel would like to receive the redacted Cheeks documents via electronic means or a mailed flash drive.

2

Plaintiffs' counsel responded to Mr. Cicero's email in an email addressed to both Mr. Cicero and Mr. Klausman. *Id*. at 1. After stating, "Mailing me flash drives is fine," and making sure Mr. Cicero used the correct mailing address, Plaintiffs' counsel stated:

> We're eager to receive what the Court ordered your clients to produce to us in both the August 2 order and the September 6 order. So far, as you know, we have received nothing from your clients in response to those two orders. The August 2 order set a deadline of September 1, and the September 6 order set a deadline of today, September 20. Because these were court-ordered deadlines, we're uncomfortable granting extensions on our own, so you will need to move for any extensions you need to fulfill these orders. Given that the information your clients need to comply with the September 6 order should be contained in the clubs' Lease Agreements, we think 21 additional days is excessive. Our position (which would be contained in our response to your motions) is that we believe 21 days in addition to the 14 days already allowed is excessive but that if you each ask for an additional 14 days to comply with the September 6 order, plaintiffs would not object to the 14-day extension as long as we receive the required lists by the extended deadline (as opposed to being given reasons why your clients cannot or should not have to produce them) and as long as we receive by the same deadline the documents that the Court ordered your clients to produce by September 1.

*Id*. at 1.

After asking if Plaintiffs' counsel are "OK with 21 days" and receiving the response that while "we think 21 days is excessive," Plaintiffs would not object to "an additional 14 days to comply with the September 6 order" if by that extended deadline Defendants complied with both the September 6 and August 2 orders, Mr. Cicero filed an extension motion apparently on behalf of only three sets of club Defendants—Cheeks, Fantasyland West, and House of Babes. ECF No. 440. In it, he asks for ***an additional 30***

3

*days to comply with both orders*, calling the process for complying "all around time-burglary." *Id*. at 2, PAGE ID #5450.

This situation has raised several issues. First, it appears Mr. Cicero has not timely moved for any extension of either deadline—September 1 (ECF No. 423 at 7) or September 20 (ECF No. 437 at 27-28)—on behalf of his other clients, the Top Hat Defendants. Nor has Mr. Klausman timely moved for any extension of either deadline on behalf of his clients, the Private Dancer Defendants. Because those Defendants are now beyond the 14-day deadline specified in the September 6 order (*i.e.*, September 20) and the Private Dancer Defendants are now well beyond the 30-day deadline specified in the August 2 order (*i.e.*, September 1), any extension motions filed on their behalf now or hereafter would be subject to Rule 6(b)(1) of the Federal Rules of Civil Procedure, requiring a showing of "excusable neglect." *See* Rule 6(b)(1)(A) & (B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 896–98 (1990) ("[A]lthough extensions before expiration of the time period may be 'with or without motion or notice,' any *post* deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" (emphasis in original)). Given that Mr. Cicero's email

4

appears to acknowledge that neither he nor Mr. Klausman had checked yet to see if all their clients even have the "email addresses" required by the September 6 order, that lapse would rule out a showing of "excusable neglect" as to the Top Hat Defendants, the House of Babes Defendants, the Fantasyland West Defendants, and the Private Dancer Defendants.

Second, Local Rule 7.2(a) states, "Prior to filing any motion for an extension of time, counsel shall consult with all parties (except prisoners appearing *pro se*) whose interests might be affected by the granting of such relief and solicit their consent to the extension." In his email, Mr. Cicero did not solicit consent from Plaintiffs' counsel to the extension that he actually requests in his motion, *i.e.*, an additional 30 days to comply with both the August 2 order and the September 6 order. Rather, he only asked if Plaintiffs' counsel were "OK with 21 days" more for his clients to comply with the September 6 order.[1] This is inconsistent with Local Rule 7.2(a).

Third, the extension motion attempts to leverage more time to comply with the September 6 order by stressing the need for more time to comply with the August 2 order, given the redaction requirement. But complying with the September 6 order did not depend on redacting any documents or producing information in redacted form. It

---

[1] Although Mr. Cicero in his September 20 email to Plaintiffs' counsel (Exhibit A, pp. 1-2) mistakenly referred to it as "the 10/6 decision" and "the Magistrate's Order," it was clear from his repeated references to "email addresses" (*id*. at 2) that he was talking about the September 6 Order.

5

merely required Defendants to create "an electronic file containing the putative class members' legal first names, last-known email addresses, and dates of employment since September 26, 2019." ECF No. 437 at 27-28. This does not call for a huge document review, redaction, scanning, and production. Rather, it entails Defendants' counsel creating and producing a simple three-column spreadsheet in which the dancer's legal first name appears in the first column, her last-known email address appears in the second column, and the dates of her post-9/26/19 employment appear in the third column. It is pure hyperbole for Defendants' counsel to pretend that this process constitutes "all around time-burglary" and that they need 30 additional days on top of the 14 days the Court already gave them to create this simple spreadsheet. Had Defendants begun this task promptly, they easily could have completed it within the 14 days originally allowed. It is apparent from Mr. Cicero's statements in his September 20 email to Plaintiffs' counsel (Exhibit A)—*e.g.*, "Bill needs time to look to see if he has email addresses, I need to do that with some of my clients, and also need time to put together complete lists for the clubs that have email addresses," *id*. at 2—that Defendants have done little or nothing to compile the requisite "electronic file" since the September 6 order. Such non-compliance should not be rewarded with an extension that's more than twice as long as the time that Defendants originally were given and have apparently frittered away.

Fourth, Mr. Cicero's motion seeks additional time for his clients to comply not just with the September 6 order but also with the August 2 order, the deadline of which

6

passed three weeks ago without any compliance by Defendants. Because his extension motion was filed well beyond the September 1 deadline set forth in the August 2 order, it likewise is subject to the "excusable neglect" requirement of Rule 6(b)(1)(B) as to all the moving parties. Although his extension motion characterizes the process for complying with the Court's orders as "all around time-burglary," ECF No. 440 at 2, PAGE ID #5450, the motion only addresses Mr. Cicero's efforts to secure and produce in redacted form the Cheeks Defendants' Lease Agreements and "end-of-night sheets." Moreover, as to the August 2 order, Mr. Cicero admitted in the email he sent Plaintiffs' counsel earlier in the same day he filed his extension motion that he has compiled some compliant documents from Cheeks and is ready to produce them, that he "should know soon if they have more," and that he does "not know about the other clubs yet." Exhibit A at 2. In this context, demonstrating "excusable neglect" depends on balancing the five so-called *Pioneer* factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the party requesting an extension, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Mr. Cicero admits in his September 20 email to Plaintiffs' counsel (Exhibit A) that, as to his clients other than Cheeks, he does "not know about" the Lease Agreements and "end-of-night sheets" that the Court ordered them to produce

7

in redacted form 51 days ago and no later than September 1. This admission rules out a finding of "excusable neglect" as to those Defendants under the *Pioneer* factors. And as to the Cheeks Defendants, it is ironic that, 18 months after initially arguing that they should be allowed to produce the requested documents with PII removed, the Cheeks Defendants now claim that removing PII from these documents constitutes "all around time-burglary."

Fifth, Mr. Cicero hints in his extension motion that Cheeks may be the only defendant that even has any Lease Agreements or "end-of-night sheets" to produce in redacted form in response to the Court's August 2 order. ECF No. 440 at 2, PAGE ID #5450. If true, this would be a stark departure from what Defendants conveyed to the Magistrate Judge as recounted by her in the Denial Order (ECF No. 411 at 7) and by Your Honor in the August 2 order—*i.e.*, Defendants' readiness to produce the Lease Agreements and "end-of-night sheets" without the PII. ECF No. 423 at 1-2. To say the least, it would be inappropriate for Defendants at this late date—after they resisted surrendering those documents for almost two years based on dancers' privacy interests—to say now that those documents do not exist.

Plaintiffs respectfully submit that if, despite the problems with the extension motion as noted above, the Court is inclined to grant Defendants additional time to comply with its August 2 and September 6 orders, Defendants should be required to produce by such extended deadline what the Court mandated that they produce in its

8

September 6 order (ECF No. 437 at 28: "an electronic file containing the putative class members' legal first names, last-known email addresses, and dates of employment since September 26, 2019") and in its August 2 order (ECF No. 423 at 7: "redacted versions of the following documents: (i) copies of all Lease Agreements that were executed by any dancer who performed at Cheeks, Private Dancer, Fantasyland West, and House of Babes from May 20, 2014, to the present; and (ii) copies of all 'end-of-night sheets,' defined as 'sheets, slips, or other documents on which were recorded the identities of the dancers who performed at these clubs from May 20, 2014 to the present, and other related information.' (ECF No. 411 at 1–2). The redacted documents shall replace each individual's PII with pseudonym numbers."). Lost in Defendants' complaint about the "all around time-burglary" of complying with the Court's August 2 and September 6 orders is the fact that Defendants, unselfconsciously, are in violation of both court orders. If Defendants are to be given leeway to comply belatedly, Plaintiffs respectfully ask that the deadline be extended no more than 14 days and that it be Defendants' firm deadline to comply fully with the requirements of both orders, not just another opportunity for them to continue complaining about having to comply with these orders or one last chance to raise arguments why they should not have to comply.

Respectfully submitted,

/s/ Paul M. De Marco
Paul M. De Marco (0041153)
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530

Cincinnati, Ohio 45202
Tel.: (513) 651-3700
pdemarco@msdlegal.com

/s/ Andrew R. Biller
Andrew R. Biller (0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Tel.: (614) 604-8759
abiller@billerkimble.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that this motion was filed electronically on September 21, 2023, causing notice of this filing to be sent to all parties by operation of the Court's electronic filing system.

/s/ Paul M. De Marco