UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSICA HOGAN, *et. al.*, | : |
| | : |
| Plaintiffs, | : Case No. 2:15-cv-02883 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Kimberly A. Jolson |
| CLEVELAND AVE | : |
| RESTAURANT, INC., *et al.*, | : |
| | : |
| Defendants. | : |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion to Enforce the Settlement, Re-Engage the Special Master, and Award Attorney's Fees. (ECF No. 424). For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

This class action case involves the Fair Labor Standards Act ("FLSA"). On December 10, 2019, this Court preliminarily approved the Settlement Agreement between Defendants and two separate classes of Plaintiffs—the "Entertainer" and "Bartender" classes. (ECF No. 230). On September 29, 2020, Plaintiffs filed a motion to enforce the settlement agreement. (ECF No. 315). On November 23, 2020, this Court granted Plaintiffs' motion to enforce the settlement agreement. (ECF No. 323). On May 17, 2021, this Court approved the final Settlement Agreement. (ECF No. 350). On March 31, 2022, this Court approved a consent judgment entry resolving Plaintiffs' September 29, 2020 motion to enforce the agreement. (ECF No. 363).

Defendants agreed to a total settlement of $600,000.00 and were ordered to make $8,000.00 monthly payments to the Entertainer class. (*Id.*). As of August 8, 2023, Defendants paid $42,000.00 toward the total settlement. (ECF No. 436). According to Plaintiffs, though,

Defendants have failed to make their $8,000.00 monthly payment to the Entertainer class since December 2022. (ECF No. 424). Plaintiffs' counsel and Defendants' counsel negotiated informal agreements for Defendants' missed payments, but Defendants failed to meet their obligations under those informal agreements. (*Id*.). On August 2, 2023, Plaintiffs filed the motion sub judice. (ECF No. 424).

On August 30, 2023, Defendants responded in opposition to Plaintiffs' motion. (ECF No. 436). Defendants do not dispute their missed payments. Defendants allege they have been unable to make their payment obligations because of their business(es) shutting down during the COVID-19 pandemic. (*Id*.). Defendants' counsel states Defendants anticipate reopening their business(es) in November 2023 and asserts Defendants will be able to make their required payments then. (*Id*.). On September 11, 2023, Plaintiffs replied to Defendants' response in opposition. (ECF No. 438).

Under the Settlement Agreement, if Defendants fail to pay, at the request of Plaintiffs' counsel, the Court can appoint a Special Master to ensure that Defendants fulfill their payment obligations under the Settlement Agreement. (ECF No. 436, Exhibit A ¶ 10(B)). Defendants are responsible for the costs associated with the Special Master, to be paid separately and in addition to the Settlement Fund. (*Id*.). This Court previously appointed John Camillus, Esq. to serve as a Special Master due to Defendants' failure to pay. (ECF No. 363). Plaintiffs request that this Court re-engage Mr. Camillus as a Special Master. (ECF No. 424). Defendants "reluctantly" consent to the re-appointment of Mr. Camillus as a Special Master, but rather prefer that their limited financial resources be used to pay settlement funds to Plaintiffs rather than be applied toward attorney's fees and/or Special Master fees. (ECF No. 436).

## II. STANDARD OF REVIEW

Public policy favors settling cases without litigation, and thus settlement agreements should be upheld whenever it is equitable to do so. *Graley v. Yellow Freight Sys., Inc.*, No. 98-4166, 2000 WL 799779, at *4 (6th Cir. June 14, 2000) (internal citation omitted). Settlement agreements are a type of contract, so "the formation and enforceability of a purported settlement agreement are governed by state contract law." *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1191 (S.D. Ohio 2013) (citing *Smith v. ABN AMRO Mortg. Grp. Inc.,* 434 F. App'x 454,460 (6th Cir. 2011)). In this case, the applicable law is Ohio contract law, since the parties are all Ohio residents and the Settlement Agreement was entered into in Ohio. Summary enforcement of an agreement, without holding a hearing, is appropriate where the parties "do not dispute material facts pertaining to the existence or terms of a settlement agreement." *Graley v. Yellow Freight Sys., Inc.*, 221 F.3d 1334 (6th Cir. 2000).

## III. LAW AND ANALYSIS

In this case, both parties agree they came to an agreement on the material terms of the settlement. The sole issue is Defendants' failure to make its $8,000.00 monthly payments to the Entertainer class.

### A. Special Master

Based on Defendants' repeated failure to make required payments and meet its obligations under the informal agreements negotiated between Plaintiffs' counsel and Defendants' counsel, this Court finds the re-engagement of a Special Master appropriate. The requested appointment of a Special Master falls squarely within Rule 53(a)(1)(A) of the Federal Rules of Civil Procedure and the parties consented to the appointment of a Special Master upon the happening of certain

3

contractual breaches, such as missed payments here. Accordingly, this Court **GRANTS** Plaintiffs' Motion to Enforce the Settlement and Re-Engage the Services of the Special Master.

### B. Award of Attorney's Fees

Plaintiffs also request that this Court impose an attorney's fee award that would require Defendants to pay Plaintiffs' counsels' fees after Defendants have paid all other settlement money owed to the Entertainer class. (ECF No. 424). The FLSA allows a plaintiff to recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b). To determine reasonable attorney's fees, a district court "begins by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (citing *AdCock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). To prove that the purported fees are reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (citation omitted).

Here, Plaintiffs' counsel did not provide this Court with a lodestar rate or any evidence supporting the hours worked and rates claimed. Accordingly, this Court **DENIES** Plaintiffs' Motion for an Award of Attorney's Fees. If Plaintiffs' counsel wishes to file another motion for attorney's fees that includes the required information, this Court will re-consider its ruling.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Enforce the Settlement, Re-Engage the Special Master, and Award Attorney's Fees (ECF No. 424) is **GRANTED IN PART AND DENIED IN PART**. Specifically, Plaintiffs' Motion to Enforce the Settlement and Re-Engage the Special Master is **GRANTED**. The Consent Judgment Entry from March 31, 2022 (ECF No. 363)

remains in effect. John Camillus, Esq. is **RE-ENGAGED** as Special Master. The scope of Mr. Camillus' appointment will be consistent with the Enforcement Terms in the Settlement Agreement, namely, "The Special Master will have wide discretion to oversee Defendants Sirens, Francis Sharrak and/or Michael Sharrak's income and assets to ensure the required payments are met." (ECF No. 436, Exhibit A ¶ 10(B)). Once services are rendered, Mr. Camillus is directed to submit an invoice to Defendants. Defendants shall pay the invoice submitted by Mr. Camillus within thirty (30) days of receipt of the invoice.

Plaintiffs' Motion for an Award of Attorney's Fees is **DENIED.**

 **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 7, 2023**